# RINARD v. OMAHA, KANSAS CITY & EASTERN RAILWAY COMPANY, Appellant.

### Division One, June 29, 1901.

1. **Negligence:** RUNNING TRAIN BACKWARDS: NO FLAGS OR FLAGMEN. The running of a train backwards, with no flags or flagman on the leading car to signal the engineer in case of danger, is negligence.

2. ———: KNOWLEDGE OF COMING TRAIN: COLLISION. Persons in charge of a train who know that another train is on the track within a station or two ahead and either at work or coming towards theirs, are guilty of negligence if they fail to take precautions to prevent a collision. And where, under such circumstances, the conductor has been notified to "lookout" for the other train, it is no excuse for taking no precaution to say that he understood those words to mean only that he was to look out for a warning or danger flag on the other train.

3. ———: TRAIN DISPATCHER: TECHNICAL WORDS. If the words "look out," used in a dispatch sent by a train dispatcher to the conductor of an extra train, to "look out" for the coming of a work train, are to be understood in the technical sense of "protect yourself by looking out for flags and danger signals on the work train," then it was negligence in the train dispatcher not to notify the conductor of the work train to put out such flags and signals.

4. ———: PLEADING: REPUGNANCY: MOTION TO ELECT. A plaintiff may plead a single cause of action in as many different counts as he chooses, to meet any possible state of the proofs, and this will not make his counts repugnant. In an action against a railroad company by the widow, for the negligent killing of her husband, while employed by the company as assistant roadmaster and while riding on a construction train, the gravamen of the cause of action being negligence, she may in one count allege that he was an employee of defendant as assistant roadmaster, and in another that he was an employee of a construction company which was either the *alter ego* of the company or a company construct-

Rinard v. O., K. C. & E. Ry. Co.

ing the road with the knowledge and consent of defendants, and in a third that he was a passenger on the work train, and the counts are not so inconsistent as to require an election.

5. ———: ———: AMENDED PETITION: DEPARTURE: WAIVER. The defendant waives the right to have the ruling of the trial court, in refusing to strike out certain counts from the amended petition on the ground that they are a departure, reviewed on appeal, if he pleads over.

6. ———: ———: ———: MOTION TO MAKE MORE DEFINITE AND CERTAIN: REASONABLE DEGREE OF PARTICULARITY. It is not necessary that the petition, in an action against a railroad company for personal injuries, should specify the officer, agent or employee whose negligence occasioned the injury, or upon what particular train such officer was negligent, and a motion to require plaintiff to make his petition more definite and certain by such specifications, was properly overruled. It is sufficient to set out with a reasonable degree of particularity the acts done or omitted which constitute the negligence, and then to allege that they were negligently done.

7. Damages: OFFICER: TRAIN DISPATCHER: INSTRUCTION. Under section 4425, Revised Statutes 1889, a train dispatcher is such an officer as to render the railroad company employing him liable for injuries due to his negligence. And an instruction which permitted a recovery under said section on the ground that the train dispatcher was negligent in giving orders, *held*, proper.

8. Instruction: CONTRIBUTORY NEGLIGENCE: NO EVIDENCE. Where the evidence fails to show any contributory negligence, an instruction in regard to such negligence should not be given.

Appeal from Carroll Circuit Court.—*Hon. W. W. Rucker,* Judge.

AFFIRMED.

*Hall & Hall, Virgil Conkling* and *J. G. Trimble* for appellant.

(1)   Plaintiff's amended petition contains separate, inconsistent counts or causes of action and the circuit court erred in overruling defendant's motion to compel plaintiff to elect

upon which count she would proceed to trial, and in refusing to instruct the jury which count they should take into consideration. Roberts v. Railroad, 43 Mo. App. 289; Enterprise Soap Works v. Sayers, 51 Mo. App. 314; Seiter v. Bischoff, 63 Mo. App. 158; Deering v. Collins, 38 Mo. App. 86; Clements v. Yeates, 69 Mo. 625; Nelson v. Brodhack, 44 Mo. 599; Ledbetter v. Ledbetter, 88 Mo. 60; Cahny v. Lehman, 93 Mo. 583; Byington v. Railroad, 147 Mo. 673. (2) The second and third counts of plaintiff's amended petition are inconsistent with, a departure from, and state entirely different causes of action from the cause of action stated in the original petition, and the circuit court erred in overruling defendant's motion to strike out said counts. Lumpkin v. Collier, 69 Mo. 170; Stephens v. Railroad, 86 Mo. 221; Parker v. Rodes, 79 Mo. 88; Fields v. Malony, 78 Mo. 172; Scoville v. Glasner, 79 Mo. 452; Heman v. Glann, 129 Mo. 334. (3) The court erred in overruling defendant's motion to require plaintiff to make the several counts in the amended petition more definite and certain. In no count was there a statement of the facts relied upon to establish negligence as required by law. Murdock v. Brown, 16 Mo. App. 548; Wills v. Railroad, 44 Mo. App. 53; Benham v. Taylor, 66 Mo. App. 311; Waldhier v. Railroad, 71 Mo. 514; Curren v. Railroad, 86 Mo. 62; Gurley v. Railroad, 93 Mo. 445. (4) The petition does not state the negligent acts complained of nor whose acts they were, which should be done with a reasonable degree of certainty in order that the defendant may know what charge he is called upon to meet. The petition is therefore fatally defective and the objection to the introduction of any evidence and the motion in arrest of judgment should have been sustained. Wills v. Railroad, 44 Mo. App. 51; Gurley v. Railroad, 93 Mo. 450; Waldhier v. Railroad, 71 Mo. 514; Sullivan v. Railroad, 97 Mo. 113; Benham v. Taylor, 66 Mo.

Rinard v. O., K. C. & E. Ry. Co.

App. 308; Palmer v. Railroad, 76 Mo. 219; Harrison v. Railroad, 74 Mo. 369; Edens v. Railroad, 72 Mo. 212; Troth v. Norcross, 111 Mo. 630; Jacquin v. Cable Co., 57 Mo. App. 340; Pier v. Heinrichoffen, 52 Mo. 333; Moss v. Railroad, 49 Mo. 167. (5) Although in this State a general allegation of negligence is held to be sufficient, yet the petition must state what acts the defendant negligently performed or omitted to perform. The allegation in the petition that defendant was negligent is merely a conclusion of law and not a statement of the negligent act complained of, which is essential and the petition therefore fails to state facts sufficient to constitute a cause of action and the motion in arrest of judgment should have been sustained. Mack v. Railroad, 77 Mo. 232; Chubbuck v. Railroad, 77 Mo. 591; Crane v. Railroad, 87 Mo. 595; Curren v. Railroad, 86 Mo. 62. (6) It can not be inferred that defendant was guilty of some negligent act because the trains collided, but such act must be alleged and proved in order to render defendant liable. There was no such allegation and proof in this case and the demurrer to the evidence should have been sustained. Smith v. Railroad, 113 Mo. 70; Scott v. Robards, 67 Mo. 292; Fuchs v. St. Louis, 133 Mo. 199. (7) The telegraphic orders were improperly admitted as well as all the testimony in relation thereto, for the reason that there was no allegation in the petition of negligence on the part of defendant's train dispatcher in giving them. Evidence should have been required to correspond with the allegations—been confined to the point in issue (negligence in handling the train), and all evidence not relative to that excluded. Eddy v. Baldwin, 32 Mo. 369; Frederick v. Allgaier, 88 Mo. 598; Hicks v. Railroad, 68 Mo. 329; Buffington v. Railroad, 64 Mo. 246; Gurley v. Railroad, 93 Mo. 455. (8) Plaintiff's instruction number 1 is erron-

Vol 164 mo—18

eous for the reason that it permits a recovery if the jury should find that the dispatcher was negligent in giving the orders— an issue. not made by the petition.    Fairgrieve v. City of Moberly, 29 Mo. App. 141; Fenwick v. Bowling, 50 Mo. App. 516; Waddingham v. Hulett, 92 Mo. 528.    Instruction number 1 is also erroneous in permitting a recovery for $5,000 if the collision occurred on account of improper orders.    If the orders were improper the negligence was that of defendant in adopting that kind of an order, not of the men handling the train, and recovery could be for compensatory damages only, under sections 2865 and 2866, Revised Statutes 1899, not for a forfeiture under section 2864.    Crumpley v. Railroad, 98 Mo. 34; King v. Railroad, 98 Mo. 235; Rapp v. Railroad, 106 Mo. 423; DeBolt v. Railroad, 123 Mo. 496; Senn v. Railroad, 135 Mo. 518.    (9)    Defendant's refused instruction number 3 submitted to the jury the question of deceased's contributory negligence, and should have been given.    Ridens v. Ridens, 29 Mo. 470; Devitt v. Railroad, 50 Mo. 302; Maupin v. Va. Lead Co., 78 Mo. 24; Standifield v. Phoenix Loan Assn., 53 Mo. App. 595; Cameron v. Hart, 57 Mo. App. 142; Evers v. Shumaker, 57 Mo. App. 454; Laughlin v. Gerardi, 67 Mo. App. 372.

*Harber & Knight* for respondent.

(1)    It is well settled in this State, and elsewhere, that the petition may allege the same cause of action in different counts so as to meet any possible state of the proof, and the court will not compel an election between them.    Brownell v. Railroad, 47 Mo. 244; Brinkman v. Hunter, 73 Mo. 178; Gas Light Co. v. St. Louis, 86 Mo. 495; Light and Heat Co. v. Doud, 47 Mo. App. 439; Straub v. Eddy, 47 Mo. App. 193; Burbridge v. Railroad, 36 Mo. App. 684; Seeter v.

Bischoff, 63 Mo. App. 157; Velie v. Newark City Ins. Co., 12 Abb. N. Cas. 309; Blank v. Hartshorn, 37 Hun (N. Y.) 101; Rothchild v. Railroad, 30 N. Y. 642; Smith v. Douglas, 15 Abb. Pr. 266; Collingwood v. Merchants Bank, 15 Neb. 118; Wilson v. Smith, 61 Cal. 209; DeMartin v. Albert, 68 Cal. 277; Cramer v. Oppenstein, 16 Col. 504; Sterns v. Dubois, 55 Ind. 257; Caviness v. Rushton, 101 Ind. 500; Snyder v. Snyder, 25 Ind. 399; Whitney v. Railroad, 27 Wis. 327; Bishop v. Railroad, 67 Wis. 610; La Pointe v. O'Malley, 46 Wis. 35; Bassett v. Shares, 63 Conn. 39; 5 Ency. Pl. and Prac., p. 321. And a general verdict in such case is good if there is one good count. Brownell v. Railroad, 47 Mo. 244; Brady v. Connelly, 52 Mo. 19; St. Louis v. Allen, 53 Mo. 49; Owen v. Railroad, 58 Mo. 394; McKee v. Calvert, 80 Mo. 348; Lancaster v. Ins. Co., 92 Mo. 460. The grounds of recovery in this case were the same in each count, to-wit, that the deceased was rightfully upon the train and that defendant, in the management, handling and running thereof, carelessly and negligently collided the trains thereby injuring and killing plaintiff's husband. The counts must differ, "As the object of more than one count for a single cause of action is to set forth the facts in different lights and aspects. It is not error to sustain a demurrer to a count which is a mere copy of another, or, which requires neither more nor less evidence to establish it than is necessary to establish the former count." Railroad v. Craft, 62 Ind. 390; Leiter v. Jackson, 8 Ind. App. 98; Nevada County, etc., Canal Co. v. Kidd, 37 Cal. 282; Van Lenven v. Lyke, 1 N. Y. 515; Freet v. Railroad, 63 Mo. App. 548. Again, it is urged that the second and third counts of the petition stated different causes of action than the first and was therefore not an amendment but a departure. If this were true, the objection was waived by answering over. Scovill v. Glasner, 79 Mo. 454. But it is not

true that the different counts stated different causes of actions. They each stated the same cause of action; for a verdict on either count or a general verdict would be "a complete bar to the prosecution of an action on the others, and where such is the case the cause of action must necessarily be the same." Brownell v. Railroad, 47 Mo. 244. It is apparent that there was no merit in any or all of the defendant's various preliminary motions, but if there had been they were waived by answering. Sanguinett v. Webster, 54 S. W. 570; Holt Co. v. Cannon, 114 Mo. 514; Sauter v. Leveridge, 103 Mo. 615; Scovill v. Glasner, 79 Mo. 449; Frygle v. Hobbs, 42 Mo. 537; Liese v. Meyer, 143 Mo. 547; Cofer v. Riseling, 153 Mo. 633; Paddock v. James, 102 Mo. 226; Bender v. Zimmerman, 80 Mo. App. 137; School Dist. v. Wallace, 75 Mo. App. 317. (2) There was an allegation on the part of the agents, servants and employees of defendant, whilst running, conducting and managing said trains, which covered the acts and orders of defendant's train dispatcher made for the movements of said trains, he being the agent, servant and employee of the company in the management and operation of said trains. The objection that witnesses Shields, Cox and McConnell were not shown to have had the requisite experience to testify as experts, is without merit. These witnesses had each an experience of from seventeen to twenty-five years; this was sufficient. (3) There is no dispute that the trains were conducted, moved and managed by telegraphic orders, from the dispatcher, and that by these orders the trains were controlled. To manage, is defined by Webster, to be "to have under control and direction; to conduct; to guide; to administer; to handle." 6 Am. and Eng. Ency. of Law (2 Ed.), p. 518; 14 Am. and Eng. Ency. of Law (1 Ed.), p. 87; Miller v. Railroad, 109 Mo. 362; Lynch v. Railroad, 112 Mo. 520; Schlereth v. Railroad, 115 Mo. 104. (4) It being admitted

by defendant, that deceased came to his death from the effects of injuries received in a collision of two of defendant's trains on the twenty-third day of December, 1897, and there being not even an attempted excuse for said negligence, the defendant only contending that the company, itself, was negligent instead of the dispatcher, and there being no evidence of contributory negligence, it would not have been error to have directed a verdict for plaintiff as a matter of law. Boland v. City of Kansas, 37 Mo. App. 8; Kinney, Admx., v. Springfield, 35 Mo. App. 110; Tabler v. Railroad, 93 Mo. 79; Nagle v. Railroad, 75 Mo. 653; Wyatt v. Railroad, 55 Mo. 485; Norton v. Ittner, 56 Mo. 352; Maner v. Seimeris, 71 Mo. 105.

MARSHALL, J.—This is an action for damages for the killing of plaintiff's husband, caused by a collision of two trains upon defendant's road, near Galt, in Grundy county, on December 23, 1897. The plaintiff obtained a verdict for five thousand dollars and defendant appealed.

The amended petition contains three counts.

The first count alleges that Samuel W. Rinard, plaintiff's husband, was in the employ of defendant as assistant roadmaster, and that it was his duty to pass over defendant's road and to ride in its cars; that on December 23, 1897, while riding in the caboose of one of defendant's trains, known as a work train, near Galt, it collided with another train on defendant's road, and he was injured so that he died. It further alleges "that the train upon which plaintiff's said husband was riding was backing, going west from or near the city of Galt to the town of Dunlap; that the other said train so colliding with said work train was going east towards the city of Galt, and that whilst so running and moving in opposite directions upon the same track, said trains collided, the engine of the

train so going east and the caboose of the work train afore-said striking each other with great force." Then after alleging that the deceased was without negligence or fault, the petition charges that the collision was, "the result of and occasioned by the negligence of the officers, agents, servants and employees of defendant while running, conducting and managing said locomotives, cars and trains aforesaid."

The second count charges that the deceased was engaged "in directing and managing divers other persons, and assisting them somewhat in the taking up of certain rails and ties upon defendant's roadbed and railway aforesaid, and in replacing and relaying the same with other rails and ties, and in doing and directing other work and things in and about defendant's roadbed and tracks; that said work was being done by certain person or persons, company or corporation, being styled and designated as the 'Missouri Railway Construction Company;' that whether said person or persons, company or corporation was in fact defendant or an association of persons, composed of directors, officers or other persons connected with defendant, or a mere myth, plaintiff is unable to say, and as to whether said work was being done under contract between defendant and said company—pretended or real—plaintiff is unable to state, but plaintiff avers the facts to be, that said work was being done with the knowledge and consent of the defendant and its officers. And plaintiff further avers the facts to be, that in the discharge and performance of her said husband's (Samuel W. Rinard's) duties, it became necessary, as a part thereof (as was well known by defendant) that he, said Rinard, ride from place to place upon defendant's said line of railway upon defendant's trains, especially its work or construction train which said train was provided and furnished by defendant to transport him (said S. W. Rinard) from place to place in safety over its said line of road where said S. W.

Rinard, in the discharge of his duties aforesaid, was required to be and work, and that under said S. W. Rinard's employment aforesaid, he was required to work and be upon divers parts of defendant's said roadbed and line of railway between the city of Trenton, in said Grundy county, and the city of Milan, in Sullivan county, Missouri." The collision and negligence is then charged as in the first count.

The third count charges that the defendant, for a valuable consideration, undertook to transport the deceased on one of its trains known as its "work extra" or "work train," from at or near the city of Galt to the village of Dunlap, and that while so riding the collision occurred. The negligence charged was as in the first count.

The original petition contained only the first count. When the amended petition was filed the defendant moved to require the plaintiff to elect on which count she would stand, and upon this motion being overruled, the defendant moved to strike out the second and third counts, as being a departure from the original cause of action pleaded and as being inconsistent with the first count, and upon this motion being overruled, the defendant moved to require the plaintiff to make each count more definite and certain by specifying the officer, agent or employee whose negligence occasioned the injury, and upon what particular train such officer was negligent, and this motion being overruled the defendant filed an answer, which is a general denial and a plea of contributory negligence.

The trial developed this state of facts: there was no such company as the Missouri Railway Construction Company. The defendant was engaged in replacing the old rails with new steel rails. On the day of the accident the work was progressing near Galt. The engine on the "work train" was numbered 6, and was headed towards the east. The cars extended behind the engine towards the west. The caboose

car was next to the rear of the train, there being only a flat car, loaded with old rails, behind it. After working all day, the train started, a few minutes after six o'clock in the evening, and backed to Galt, where some of the workmen left the train. The train then proceeded west, backing as before, toward Dunlap. When it had proceeded about a mile and a half it collided with an extra freight train pulled by engine No. 11, going east. The collision occurred at a curve in the road, where neither engineer could see the other train in time to avert the collision. The backing work train had no brakeman stationed upon or near the rear of the train to signal to the engineer of that train of any danger, and the extra freight train took no precautions to avoid a collision with the work train. The engineer of the extra freight train, going east, knew that the work train was engaged in repairing the track somewhere between Dunlap, the next station west of Galt, and Humphreys, the next station east of Galt, and that it had orders to so work between 7 a. m. and 7 p. m., and that it was not 7 p. m. at that time, but he expected the work train to protect itself by flagging other trains, which the work train did not do. The persons operating the work train did not know the extra freight train was coming, and they understood that the work train had the right of way between Dunlap and Humphreys from 7 a. m. to 7 p. m., except as to regular trains, and that if any extra trains were to pass over that part of the road they would notify the work train of their approach by sending flagmen ahead of them. All the trains were run on telegraphic orders from the train dispatcher at Quincy. The order given by him to the work train was as follows: "Engine 6 will run extra Trenton to Dunlap and will work extra Dec. 23rd between Dunlap and Humphreys from 7 a. m. to 7 p. m. Nos. 33-36-7 & 8 Dec. 22 are annulled. C. E. S." The order given by him to the extra freight train was as follows: "Engine 11 will run ex

Pattonsburg to Milan and will meet No. 7 Eng. 6 at Jacobs, and will look out for extra work eng. 6 O. & St. L. working between Dunlap and Humphreys. C. E. S."

The engineer of the extra freight train (engine 11) construed the words, "and will look out for work extra eng. 6 O. & St. L. working between Dunlap and Humphreys," to mean that he was only obliged to look out for flags that the work train would set to warn approaching trains of its whereabouts, and that it was the duty of the work train to thus flag itself. He further construed that if it had been intended that he should flag his train, the order would have read, "Protect yourself against" work train, engine 6, etc., and in that event he would have sent a flagman ahead of his train until he located the work train and notified it of the approach of his train. The rules of defendant required that when a train was being backed or pushed by an engine, a flagman should be stationed upon the leading car to signal the engineer in case of danger. E. J. Shields was the conductor in charge of the work train and had control of its movements. Thomas Beland was foreman over the men engaged in laying the new rails. One Ellis was foreman over the men engaged in picking up the old rails. The deceased, Samuel W. Rinard, was in charge of the whole work of reconstruction, but had nothing to do with the actual running of the work train. He had power to direct Shields, the conductor, when and where to move the work train, but not as to how it should be run.

I.

Under the circumstances stated it is not surprising that a collision occurred. Neither train took any precautions whatever to prevent it. The trainmen of the work train did not know that the extra freight train was on the road and therefore

could not be expected to look out for it. But they ran their train backwards and common prudence and common sense, as well as the rules of the defendant, required that some one should be stationed on the leading car to signal the engineer in case of danger, and this was not done. This was negligence in the running of the work train. If a flagman had been stationed on the leading car, he could have seen the extra freight train about a mile before the trains collided, and could have given the danger signal to the engineers in time to have stopped the trains, and avoid the collision, or at any rate in time for the persons on the work train to get off before the collision. There was, therefore, negligence in running the work train. The persons running the extra freight train knew that the work train was somewhere between Dunlap and Humphreys, yet the freight train took no precautions to prevent a collision. Technically, the engineer of the freight train may be right in his construction that the order he received, to "look out for work extra eng. 6 O. & St. L. working between Dunlap and Humphreys," meant that he was only to look out for flags of the work train set to protect itself against his train, and that he was not obliged to send a flagman ahead of his train to locate and notify the work train, because he had not been ordered to "protect yourself against" the work train, but to the average mind the order he received to look out for the work train, working between Dunlap and Humphreys, would be sufficient to indicate the possibility of a collision with that train if proper precautions were not taken to prevent it, and would suggest the necessity of taking some such precautions. The order itself told him to look out for the train not for flags that might or might not be set by the work train to protect itself. This the persons running the extra freight train wholly failed to do. This omission was negligence.

If the orders given by the train dispatcher are subject

to the technical construction given them, and do not convey the meaning that the ordinary layman would put upon them, it was then the duty of the train dispatcher to notify the work train of the coming of the extra freight train, so that the work train could protect itself by sending out flagmen. This was not done. The omission so to do was negligence of the train dispatcher in the running of the trains.

Hence, from whatever standpoint this case is viewed, the same conclusion flows, that there was negligence on the part of some servant, agent or employee, of the defendant in the running of the two trains, or at least in the running of one of them, and that such negligence caused the collision, which produced the death of the plaintiff's husband, and that the deceased, not having charge of the actual running of the train or the method or manner of running it, was not guilty of any contributory negligence.

In fact, this is not seriously controverted by the defendant, for it has confined itself in this court, almost exclusively, to alleged errors of practice and to the declarations of law given and refused.

## II.

The refusal of the trial court to compel the plaintiff to elect upon which count of the petition she would stand, is assigned as error.

It is claimed that the counts are inconsistent, in that the first count alleges that deceased was an employee of the defendant as assistant roadmaster, while the second count alleges that he was an employee of the Missouri Railway Construction Company, and the third count alleges that he was a passenger.

On the other hand, the plaintiff contends that the grava-

men of the three counts is the negligent running of the trains—
one or both—which caused the collision that produced the
death, and that the character of the deceased's relation or
non-relation to the defendant is immaterial as it is liable in
any event, whether the deceased was its servant or that of the
construction company or was a passenger, and, hence, that the
cause of action is single and the same, but is stated in dif-
ferent forms in the three counts to meet any phase of the
proofs, and, therefore, the plaintiff can not be compelled to
elect, and a general verdict for the plaintiff is good.

It is as true to-day as it ever was that repugnancy in
pleading is not permissible. But to render a pleading bad the
repugnancy must be such that proof of one state of facts
pleaded as a basis for a recovery, will necessarily disprove
another state of facts pleaded as such a basis. A plaintiff
may plead a single cause of action in as many different counts
as he chooses, to meet any possible state of the proofs, and
this will not make his counts repugnant. [Brownell v. Rail-
road, 47 Mo. 239; Brinkman v. Hunter, 73 Mo. 172; St.
Louis Gas Light Co. v. St. Louis, 86 Mo. 495; Lancaster v.
Insurance Co., 92 Mo. 460.] If any one of the counts in a
petition so framed is good, it will support a general verdict.
[Idem.] This being true a plaintiff can not be compelled to
elect upon which count he will stand.

In the case at bar, the cause of action is single. It is not
material whether the deceased was a servant of the defendant,
or of the construction company, or a passenger, for his widow's
right to recover is not impaired in either case, under the laws
of this State as they are now and were on December 23,
1897, when the accident occurred. [Powell v. Sherwood, 162
Mo. 605.] There was no error in overruling the motion to
elect.

## III.

It is argued that the second and third counts constitute a departure from the cause of action stated in the original petition, and, hence, the motion to strike out those counts should have been sustained.

If this be true, the defendant has waived the right to have the ruling of the trial court in this regard reviewed by this court, by answering over. It should have stood upon the motion if it wanted to have that action reviewed. [Liese v. Meyer, 143 Mo. 1. c. 556; Cofer v. Riseling, 153 Mo. 633; Springfield E. & T. Co. v. Donovan, 147 Mo. 622.]

But it is further evident from what has been said herein, in reference to the motion to elect, that there was no departure in this case.

## IV.

It is next insisted that the motion to require the plaintiff to make each count of the petition more definite and certain, "by specifying the officer, agent, servant or employee of defendant whose alleged negligence occasioned the death of plaintiff's husband, and also by specifying in what respect and upon what particular train such officer, agent, servant or employee was negligent," should have been sustained.

In Gurley v. Railroad, 93 Mo. 445, BLACK, J., delivering the opinion of this court, held that, "the acts done or omitted, which constitute the negligence complained of, should be stated with a reasonable degree of particularity." And in Sullivan v. Railroad, 97 Mo. 1. c. 117, it was insisted that the petition was bad under the rule laid down in the Gurley case, but the same learned judge said: "The rule of that case is, that it is good and sufficient pleading to set out and describe the

acts done with a reasonable degree of particularity, and then allege that they were negligently done. In this case the petition sets out the circumstances as a matter of inducement, to the unnecessary extent of stating the names of the conductor and engineer in charge of the train; it states that Sullivan was run upon and killed by the designated train, and that his death was occasioned by the negligence of the defendant's servants while running, conducting and managing the locomotive and train of cars. The petition is clearly within the rule of the case before cited."

In Pope v. Railroad, 99 Mo. 400, the negligence charged was general. The sufficiency of the petition was challenged. BRACE, J., said: "The objection urged against it, however, that it does not specify the particular act of negligence which it is claimed caused the injury, is answered by the cases of Sullivan v. Railroad, 97 Mo. 113; Johnson v. Railroad, 96 Mo. 340." These cases have been cited approvingly and followed in Dickson v. Railroad, 104 Mo. l. c. 502; Shaw v. Railroad, 104 Mo. l. c. 656; LeMay v. Railroad, 105 Mo. l. c. 370. In all these cases the negligence was charged in general terms, and followed substantially the language of the statute. [R. S. 1889, sec. 4425.]

The negligence charged in the case at bar is as specific as that charged in the Sullivan case, supra, or in any of the cases that have followed it, and is a substantial compliance with the requirements laid down in the Gurley case. It may be assumed, however, that the purpose of this motion was to make the plaintiff discover whether he was a fellow servant with the servant, agent or employee whose negligence caused the collision, but since the decision in Powell v. Sherwood, this would make no difference. There was no error in overruling the motion to make the petition more definite and certain. For the same reasons the motion in arrest was properly overruled. And

this likewise disposes of the alleged error in admitting the telegraphic orders of the train dispatcher.    It was not necessary to specify his negligence in order to make his orders under which. the train was run, admissible in evidence.    This also disposes of the first objection to plaintiff's first instruction, which authorized a recovery if the train dispatcher was negligent.

## V.

It is next argued that plaintiff's first instruction was erroneous because it permits a recovery of $5,000 under section 4425, Revised Statutes 1889, while "if the orders were improper, the negligence was that of defendant in adopting that kind of an order, not of the men handling the train, and recovery could be for compensatory damages only" under sections 4426 and 4427, Revised Statutes 1889.

This objection is more critical than substantial.    The trains could not be run without telegraphic orders with any degree of safety.    The train dispatcher, therefore, falls within the category of "any officer, agent, servant or employee whilst running, conducting or managing any locomotive, car or train of cars," intended to be covered by section 4425, Revised Statutes 1889, and his negligence in giving orders is as much negligence in running a train as that of the engineer or of any servant actually on the train.    For these reasons defendant's second instruction was properly refused, as it told the jury that the defendant was not liable if the accident was caused by the negligence of the train dispatcher.

## VI.

It is contended that the defendant's third instruction should have been given.    This instruction told the jury that

even if the defendant was negligent, the plaintiff could not recover if the deceased or those under his direction or control were also guilty of negligence in running, conducting and managing the work train on which he was riding and said negligence directly contributed in any way towards producing the collision.

There was absolutely no evidence of any contributory negligence of the deceased nor of any person under his direction or control. He had nothing to do with the method of running the work train. Shields, the conductor of that train, had full power in that regard. This instruction was, therefore, properly refused because not predicated upon or supported by any fact in the case.

## VII.

The defendant's eighth instruction declared that the defendant was not liable if the collision was occasioned by or the result of the telegraphic orders relating to the management of trains on defendant's railroad. This instruction was refused, and this ruling is assigned as error.

What has been said under the fifth paragraph hereof disposes of this contention. It was not the form of the order that caused the collision, but even if it was then the adoption of such a form to be applied to the running of a train is negligence in the running of the train within the meaning of section 4425, Revised Statutes 1889.

For these reasons the judgment of the circuit court is affirmed. All concur.