HERMAN F. NAGEL, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

**St. Louis Court of Appeals, December 31, 1912.**

1. **NEGLIGENCE: Instructions: Failure to Submit Specific Acts of Negligence.** The jury should not be permitted to find negligence on any theory devised by them, but should be required to find the facts constituting negligence, especially where specific acts of negligence are set forth in the petition and the doctrine of *res ipsa loquitur* is not available.

2. **CARRIERS OF PASSENGERS: Street Railways: Injury to Passenger in Collision: Res Ipsa Loquitur.** The *res ipsa loquitur* doctrine is available to a passenger in a street car who is injured in a collision between the car and a railroad train operated by another company; and proof of the collision raises a presumption of negligence against the street railway company and casts the burden upon it of exculpating itself from fault.

3. **NEGLIGENCE: Res Ipsa Loquitur: Conclusiveness of Presumption of Negligence.** In a case where the *res ipsa loquitur* doctrine is available and proof of facts is made from which a presumption of negligence arises and defendant offers no countervailing proof, the issue concerning the negligence of defendant disappears, and were it not for the right of defendant to have the jury pass upon the credibility of the witnesses giving such evidence, it would be proper for the trial court to declare defendant guilty of negligence as a matter of law.

Nagel v. Railroad.

4. **CARRIERS OF PASSENGERS: Street Railways: Injury to Passenger in Collision: Res Ipsa Loquitur: Instructions.** In an action against a street railway company for injuries received by a passenger in a collision between the car on which he was riding and a railroad engine, the petition alleged that the collision occurred through the negligence of defendant's agents and servants "in charge of the car." Plaintiff introduced evidence tending to prove that the collision occurred, and defendant offered no countervailing proof. The court charged the jury, that if they believed from the evidence that, while plaintiff was a passenger on the car, the motorman negligently caused or suffered the car to be collided with by a railroad engine, thereby injuring plaintiff, he was entitled to recover. *Held*, that, while it would have been better for the instruction to have required the jury to have found the negligent act of the motorman with some degree of precision, yet it was not prejudicial because of its failure to do so, inasmuch as defendant's negligence was established by the evidence so as not to be in issue.

5. **APPELLATE PRACTICE: Rules of Decision: Harmless Error: Instructions.** Under sections 1850 and 2082, Revised Statutes 1909, it is the rule of decision that, although an instruction given for the prevailing party is presumptively harmful, nevertheless the judgment should not be reversed, if it be manifest that the error in no manner contributed to the result reached, or if the result on the particular issue was a proper one.

6. **NEGLIGENCE: Pleading Specific Acts: Necessity of Proving Same.** Where the plaintiff lays specific acts of negligence in his petition, they must be proved as laid, and a presumption of negligence is not available as is the case under a general charge.

7. **CARRIERS OF PASSENGERS: Street Railways: Injury to Passenger in Collision: Res Ipsa Loquitur: Pleading.** In an action against a street railway company for injuries received by a passenger in a collision between the car on which he was riding and a railroad engine, allegations in the petition, that defendant's servants in charge of the car negligently caused and suffered it to be struck and collided with by a railroad engine, charged negligence generally and not specific acts of negligence, so that the doctrine of *res ipsa loquitur* was available; "defendant's servants in charge of the car" including all of defendant's servants connected with the operation of the car.

8. ———: ———: ———: ———: **Instructions: Abstract Instructions.** In an action by a street car passenger for injuries sustained in a collision between the car and a railroad engine, *held* that an instruction, that defendant was not liable as an insurer, and if it exercised all the care and foresight that was reasonably practicable under the circumstances, it was not guilty

of negligence and plaintiff was not entitled to recover, was correct in the abstract, but that its refusal was not error, in view of the fact that other proper instructions were given for defendant and that the case was tried on the theory that defendant's negligence was not in controversy.

9. INSTRUCTIONS: Abstract Instructions: Refusal. It is not error to refuse an instruction, which, though correct in the abstract, treats of matters that are not in issue.

10. DAMAGES: Personal Injuries: Excessiveness of Verdict. In an action for personal injuries, a verdict for plaintiff *held* not excessive.

Appeal from St. Louis City Circuit Court.—*Hon. William M. Kinsey,* Judge.

AFFIRMED.

*Boyle & Priest* and *T. E. Francis* for appellant.

(1) The charge of negligence in the petition, that defendant's servants in charge of the car negligently caused and suffered it to be struck and collided with by an engine, is a charge of specific negligence and hence the doctrine of *res ipsa loquitur* cannot be invoked. Beave v. Transit Co., 212 Mo. 331; Gibler v. Railroad, 148 Mo. App. 475; Miller v. Railroad, 155 Mo. App. 528. (2) Plaintiff's instruction 1 is erroneous for the reason it does not submit any particular act of negligence on the part of defendant's servants in charge of the car as a predicate of liability, and does not advise the jury what act on the part of such servants would constitute negligence, but is a mere "roving commission" authorizing the jury to find for plaintiff on any theory of negligence they might formulate. Miller v. Railroad, 155 Mo. App. 528; Cornet v. Railroad, 138 S. W. 51; Dalton v. Redemeyer, 154 Mo. App. 190. (3) The court erred in refusing to give the jury instructions marked C and D, by which the jury would have been charged that unless they found defendant was guilty of negligence, plaintiff was not

entitled to recover. (4) The verdict is grossly excessive.

*A. R. & Howard Taylor* for respondent.

(1) The charge that defendant's servants in charge of the car, "negligently caused and suffered said car to be struck and collided with by an engine," is a charge that every servant connected with the operation of the car was negligent. The defendant operates no car except by its servants, and every servant connected with the operation of a car is the defendant, in such work. Rinard v. Railroad, 164 Mo. 287; Malloy v. Railroad, 173 Mo. 81; Rice v. Railroad, 153 Mo. App. 41; Price v. Railroad, 220 Mo. 454. (2) If the allegation of the petition is to be construed as a specific allegation of negligence in that it alleged a collision between the car and the engine, and this is the only colorable specific allegation under the above authorities, then the instruction submitted this specific fact to the jury, though the fact was admitted in the answer. A technical criticism of the instruction in such case would then be too much specific submission. Too much iteration. Separate concurring opinion of VALLIANT, J., in Price v. Railroad, supra, 220 Mo. 470.

NORTONI, J.—This is a suit for damages accrued to plaintiff on account of personal injuries received through the alleged negligence of defendant. Plaintiff recovered and defendant prosecutes the appeal.

Defendant owns and operates a line of street railway in the city of St. Louis, and plaintiff was a passenger on one of its cars at the time of his injury. The place of the injury was at the crossing of defendant's street car line with the Oak Hill tracks of the Iron Mountain Railway. The street car on which plaintiff was a passenger collided with an Iron Mountain Rail-

way switch engine operating on what is known as the Oak Hill tracks.

The petition lays a general charge of negligence against defendant's servants in operating the street car in such a manner as to occasion the collision. Under this general charge against all of defendant's servants in operating the car, evidence was introduced tending to prove that the motorman ran the street car upon the Iron Mountain Railway tracks in the very face of obvious danger, notwithstanding the gates were down and the watchman at the crossing waved his arms and hallooed a warning thereabout.

At the instance of plaintiff, the court instructed the jury as follows:

"If the jury find from the evidence in this case that on the 11th day of September, 1909, the defendant was operating the street car mentioned in the evidence as a carrier of passengers for hire; and if the jury find from the evidence that on said day the plaintiff was a passenger on said car bound west at the places mentioned in the evidence; and if the jury believe from the evidence that whilst the plaintiff was such passenger on said car, at the crossing of the steam railroad tracks mentioned in the evidence, defendant's servants in charge of said car negligently caused or suffered said car to be collided with by the engine mentioned in the evidence, and that thereby the plaintiff sustained injuries mentioned in the evidence; then the plaintiff is entitled to recover and the verdict should be for the plaintiff."

It is to be noted that this instruction submits the question of defendant's negligence in most general terms and authorizes a recovery for plaintiff if "defendant's servants in charge of the car negligently caused or suffered said car to be collided with by the engine mentioned." In other words, the instruction in no manner requires the jury to find the particular facts affording a conclusion of negligence, and because

of this it is urged the judgment should be reversed. It is said that, though a general charge of negligence is permissible, in some cases, in the petition, the jury should not be permitted to wander without a compass or chart and conjecture negligence on any theory it might devise, but, on the contrary, should be required to find the facts which the evidence reveals as the dereliction of duty relied upon for a recovery. There can be no doubt that such is the rule in cases where specific acts of negligence are set forth in the petition and relied upon and in which the doctrine of *res ipsa loquitur* is not available, for the reason the jury must find the charge as laid in the petition to be true. Such was the opinion of the court expressed in Miller v. United Railways Co., etc., 155 Mo. App. 528, 134 S. W. 1045. The courts have frequently declared the same rule with respect to general instructions in cases proceeding upon a general allegation of negligence in the petition, as here, for it is said, however general the petition may be, the defendant is entitled to have a specific finding of facts on the question of negligence, when the matter of liability is to be finally determined. In this view numerous instructions couched in general terms, as the one in judgment, have been condemned as reversible error because they operated to set the jury at large, fancy free, without requiring a finding of the particular facts giving rise to the legal conclusion of negligence. Such are the cases of Mulderig v. St. Louis, K. C., etc. R. Co., 116 Mo. App. 655, 666, 667, 668, 94 S. W. 801; Allen v. St. Louis Transit Co., 183 Mo. 411, 435, 81 S. W. 1142; Sommers v. St. Louis Transit Co., 108 Mo. App. 319, 83 S. W. 268. See, also, Lesser v. St. Louis, etc. Ry. Co., 85 Mo. App. 326. But in each of these cases there was an issue touching the question of negligence on which evidence was given *pro* and *con*, and it devolved upon the jury to determine that issue from the facts and circumstances in

proof.   Here, no such issue appears, for, in the circumstances of the case, the burden of proof was with defendant, and it introduced no evidence whatever on the question of care.   In other words, the facts and circumstances are such as to invoke the doctrine of *res ipsa loquitur,* which affords a presumption of negligence against the defendant, and this presumption it did not undertake to overthrow.   It appears plaintiff was a passenger on defendant's street car and the car was wholly under the management and control of defendant.   While thus under its control, defendant's motorman so managed the car as to suffer it to collide with the switch engine at the crossing of the Iron Mountain Railway, which was being operated by that company on its tracks.   Through this collision, while exercising due care on his own part, plaintiff received the injury complained of.   In the usual course of things, such collisions do not occur, if high care is observed on the part of the carrier, and therefore the law presumes it to be negligent with respect to discharging the duty of a common carrier, for such seems to be the just conclusion which arises according to the rationale of experience.   This presumption of itself affords a prima facie case for plaintiff and casts the burden of exculpating itself from fault upon the defendant in every case where the presumption is available at all.   This is the established doctrine of our law which obtains beyond question.   [See Price v. Metropolitan Street Ry. Co., 220 Mo. 435, 119 S. W. 932; Olsen v. Citizens' Ry. Co., 152 Mo. 426, 54 S. W. 470.]

Defendant introduced no evidence whatever tending to rebut the presumption of negligence, or tending to show that it had acquitted its obligation with due care.   The only witness introduced by defendant was an X-ray expert, who had skiographed plaintiff's injury and gave evidence tending to minimize it, with the sole view of diminishing the amount of the recovery.   This being true, it would seem that though

the general denial in the answer put the question of negligence at issue, plaintiff sustained his burden and established the fact of negligence by showing a state of facts, as he did, which afforded the presumption, and that matter was set at rest in the case in the absence of countervailing proof on the part of defendant. In other words, when the presumption of negligence arose on the facts developed and defendant declined to combat it or even attempt to repel it, the issue touching that matter disappeared. In this state of the case, except for the right of defendant to have the credibility of the witnesses passed upon by the jury, as declared in Gannon v. Laclede Gas Light Co., 145 Mo. 502, 46 S. W. 968, 47 S. W. 907, the court might properly have declared defendant negligent as a matter of law. With the matter of defendant's negligence established and no longer at issue, we are unable to discover reversible error in the general language of the instruction complained of. No doubt it would have been better for the instruction to have hypothesized the facts and required the jury to find the negligent act of the motorman with some degree of precision. But how the rights of defendant were possibly impaired or infringed upon because of the general phraseology of that instruction, with the case in its present posture, is more than we are able to perceive.

Section 1850, R. S. 1909, provides: "The court shall, in every stage of the action, disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party; and no judgment shall be affected by reason of .such error or defect." Furthermore the statute provides: "The Supreme Court or courts of appeals shall not reverse the judgment of any court, unless it shall believe that error was committed by such court against the appellant or plaintiff in error, and materially affecting the merits of the action." [See Sec. 2082, R. S. 1909.] Under these statutes it is the rule of

decision that though an erroneous instruction given for the prevailing party is presumptively harmful, the judgment should not be reversed therefor when it is manifest the error contributed in no manner to the result reached, or when the result on the particular issue is a proper one. [See Barkley v. Barkley Cemetery Assn., 153 Mo. 300, 54 S. W. 482; King v. King, 155 Mo. 406, 56 S. W. 534.] Obviously the general language of the .instruction involved here entailed no hardship upon defendant, for why require a specific finding of facts touching defendant's negligence when it stood established by the presumption of law and uncontroverted in fact?

But it is argued that the petition charges what is known as specific negligence against the defendant and for that reason the doctrine of *res ipsa loquitur* is not available in the case. Therefore it is said it devolved upon plaintiff to prove some negligent act on the part of defendant or its servants and it was for the jury to find the negligent act thus proved. Where one lays specific acts or negligence in his petition, they must be proved as laid, and the presumption of negligence is not available as is the case under a general charge. [See Miller v. United Rys. Co., 155 Mo. App. 528, 134 S. W. 1045.] However this may be, the presumption is available in cases such as this where the petition lays a general charge of negligence against the defendant. [See Price v. Met. Street Ry. Co., 220 Mo. 435, 119 S. W. 932.] With the two rules thus stated before us, it is important, then, to ascertain with precision whether or not the charge of negligence laid in the petition is specific or general in character. The petition avers that "defendant's *servants* in charge of said car negligently caused and suffered said car to be struck and collided with by an engine of said St. Louis, Iron Mountain & Southern Railway running southwest on said company's tracks." It is to be noted of this charge that it does not single out any one

of defendant's servants as was the case concerning the motorman in Miller v. United Railways Co., but avers that "defendant's servants in charge of said car," etc. This includes all of the servants in charge of the car, and as a corporation can act only through its servants, it is general in character, in so far as the operation of the car is concerned. In Malloy v. St. Louis & Suburban Ry. Co., 173 Mo. 75, 73 S. W. 159, the plaintiff predicated his right to recover upon the negligence of defendant's "servants" in charge of two cars. The Supreme Court held that this allegation against the "servants" of defendant could not be restricted to any particular servant, but on the contrary that it was general in character and equally so as if it had charged "defendant" with so running its cars as to cause a collision. [See, also, Rinard v. Omaha, K. C., etc. Ry. Co., 164 Mo. 270, 64 S. W. 124.] We conclude, therefore, that the petition laid a general charge against defendant with respect of those operating the car on which plaintiff was a passenger and that the presumption of negligence is available in the case. [See, also, Price v. Met. Street Ry. Co., 220 Mo. 435, 119 S. W. 932.]

Defendant requested and the court refused to it the two following instructions:

"If defendant exercised all the care and foresight that was reasonably practicable, then there was no negligence, and, in determining any issue as to negligence on defendant's part, submitted to you in these instructions, you are instructed that if there was exercised all the care that was reasonably practicable, then there was no negligence."

"The defendant was not an insurer of the safety of the plaintiff nor was it required to exercise any degree of care or foresight that was not reasonably practicable. Therefore you are instructed that the mere fact that plaintiff was injured, if you believe he was, does not of itself entitle him to recover in this

case, and if you find defendant had used all care and foresight that was reasonably practicable under the circumstances, and that the accident happened without negligence on the part of defendant, then plaintiff cannot recover under any circumstances, and your verdict must be for defendant.''

It is argued the court erred in refusing these instructions but we are not so persuaded. These instructions seem to be well enough in the abstract, but they were beside the case, for the question of defendant's negligence was not controverted at the trial. There was no suggestion that defendant or its servants in charge of the car exercised any care whatever in endeavoring to obviate the collision and, indeed, there was much evidence tending to prove even recklessness on the part of the motorman. It appears that when the street car was a half block distant the watchman at the railroad crossing lowered the gates which of itself is a warning not to approach upon the railroad track. Besides this, the watchman testified and so, too, did a passenger on the car that as the car neared the track the watchman threw up his arms and hallooed a warning to the motorman. Notwithstanding this, the street car rushed through the gates theretofore lowered across the street and upon the railroad track where the collision occurred. No witness was placed upon the stand by defendant to contradict these statements and nothing in the record suggests that any care was used by the motorman to prevent the collision. On the contrary, all of the evidence tends to show that he heedlessly ran the car forward in the face of the warning of the watchman and through the gates as though his attention was engaged otherwise than in discharging his duties as a motorman in the presence of a dangerous situation. Other proper instructions were given for defendant, and this being true, there is certainly no reversible error in the refusal of the abstract propositions of law above set out

when it is remembered the whole case was tried on the theory that defendant's negligence was not in controversy.

We have examined the evidence touching the assignment that the verdict is excessive but are not inclined to disturb the finding. The judgment should be affirmed. It is so ordered. *Reynolds, P. J.*, and *Caulfield, J.*, concur.