MARGARET TIERNEY, Respondent, v. UNITED RAILWAYS COMPANY OF ST. LOUIS, Appellant.

St. Louis Court of Appeals, December 8, 1914.

1. CARRIERS OF PASSENGERS: Street Railways: Injury to Passenger in Collision: Burden of Proof. Where a collision between street cars injures a passenger, the maxim *"res ipsa loquitur"* applies and negligence is presumed, and the burden shifts to the carrier to show a want of negligence on its part.

2. ———: ———: ———: ———: Instructions: Harmless Error. In an action by a passenger for injuries sustained in a collision between two street cars, where plaintiff proved the collision and thereby raised a presumption of negligence, and defendant offered no evidence to rebut the same, so that the question of defendant's negligence was not in issue, it was not reversible error to charge the jury that the burden was upon defendant to prove that the collision could not have been prevented by due care.

3. **DAMAGES: Personal Injury: Excessiveness of Recovery.** A verdict for $6500 for injuries to a woman, fifty-four years of age and in good health, resulting in the breaking of two of her ribs, injuries to her back, head and neck and a severe nervous shock, putting her constantly under a physician's care, and whose heart, nervous system and general health were permanently impaired, was not excessive.

Appeal from St. Louis City Circuit Court.—*Hon. Chas. Claflin Allen*, Judge.

AFFIRMED.

*Boye & Priest* and *S. P. McChesney* for appellant.

(1) The court erred in giving plaintiff's instruction number 2, because said instruction, and particularly the following part, "The court instructs the jury that the burden of proving that the defendant and its servants in charge of its said cars, could not have prevented said collision by the exercise of the highest practicable care of careful and skilled railroad employees under the same or similar circumstances, is upon the defendant, and if the jury find from the evidence that the defendant has failed to so prove, the verdict should be for the plaintiff," casts upon the defendant what the law does not, or never did, contemplate or require of a defendant—the burden of proof; nor does the burden of proof shift from the plaintiff to the defendant, but remains with the party who has the affirmative of the issue to the end of the trial. Jones v. Railroad, 18 App. Div. N. Y. 267; Kay v. Railroad, 163 N. Y. 447; Long v. Long, 44 Mo. App. 141; Marshall Livery Co. v. McKelvy, 55 Mo. App. 240; Berger v. St. Louis Storage & Commission Co., 136 Mo. App. 36; O'Shea v. Lehr, 165 S. W. 837; Witsell, Admx., v. Reilly, 159 App. Div. N. Y. 688. (2) The verdict of the jury for $6500 is excessive.

*A. R. Taylor* and *Howard Taylor* for respondent.

(1) The instruction complained of in appellant's brief, and the only point against the law of the case urged for appellant is colorless. The instruction puts upon the plaintiff the burden of proving every fact necessary to a recovery, then the burden of relieving itself, was according to the authorities in this State and elsewhere shifted to the carrier to acquit itself of the negligence presumed, as the cause of the collision. Stokes v. Saltonstall, 13 Peters U. S. 190; Railroad v. Pollard, 22 Wal. U. S. 350; Lemon v. Chanslor, 68 Mo. 356; Redmon v. Railroad, 185 Mo. 9; O'Gara v. Transit Co., 204 Mo. 732; McDonald v. Railroad, 219 Mo. 487; Price v. Railroad, 220 Mo. 461; Stauffer v. Railroad, 243 Mo. 317; Heyde v. Transit Co., 102 Mo. App. 541; Patterson v. Traction Co., 163 S. W. 959. (2) The damages in this case were moderate, not excessive, for the injuries and damages sustained by respondent, so thought the jury in the trial, so thought the trial judge. The evidence sustains the verdict and there is not a suggestion of bias in the verdict such as might shock the minds of the court. O'Gara v. Railroad, 204 Mo. 743; Stauffer v. Railroad, 243 Mo. 319.

ALLEN, J.—This is an action for personal injuries alleged to have been sustained by plaintiff while a passenger upon one of the defendant's street cars in the city of St. Louis, by reason of a collision of such car with another car of defendant then being operated by it in said city. At the trial, which was before the court and a jury, the evidence adduced by plaintiff went to show the relation of passenger and carrier, the collision, and injuries resulting to plaintiff therefrom. Defendant offered no evidence touching its alleged negligence in the premises, introducing only the testimony of a medical expert who had examined plaintiff on two occasions prior to the trial below. There was a verdict

and judgment for plaintiff in the sum of $6500, and the defendant appealed.

I. There are but two assignments of error before us. One of these pertains to the giving of an instruction for plaintiff in which it is claimed reversible error inheres. This instruction required the jury to find that the defendant was operating the cars in question for the purpose of carrying passengers for hire; that plaintiff was a passenger on one of defendant's cars, and that while she was such passenger thereon the car in which she was riding came into collision with another car operated by the defendant, and that she was thereby thrown from her seat and injured. The instruction then proceeds as follows:

"The court instructs the jury that the burden of proving that the defendant and its servants in charge of its said cars, could not have prevented said collision by the exercise of the highest practicable care of careful and skillful railroad employees under the same or similar circumstances, is upon the defendant, and if the jury find from the evidence that the defendant has failed to so prove, the verdict should be for the plaintiff."

This instruction is criticised upon the ground that it tells the jury that if certain facts are found then the burden of proof shifts to the defendant. And it is said that it thus cast upon the defendant a burden which could not lawfully be placed upon it, at any stage of the case; for it is asserted that the "burden of proof" does not at any time shift, but throughout the trial remains with the party having the affirmative of the issue, though "the burden of evidence" may shift. As to this, authorities are cited which will doubtless be found in the brief of appellant accompanying the reported opinion herein. But it is clear that the giving of this instruction, which is the only immediate question involved, was not error.

In Stauffer v. Railroad, 243 Mo. l. c. 317, 147 S. W. 1032, it is said: "Given the relation of passenger and carrier, a collision and an injury, the maxim *res ipsa loquitur* applies, negligence is presumed, prima facie, and the burden is shifted over from plaintiff's shoulders to defendant's to show a want of negligence." The effect of the instruction before us is merely to tell the jury that the burden of showing, or "proving," want of negligence on defendant's part is cast upon it, if the facts mentioned are found. [See, also, Price v. Street Railway Co., 220 Mo. l. c. 461, 119 S. W. 932; MacDonald v. Railroad, 219 Mo. l. c. 487, 118 S. W. 78; Orcutt v. Century Bldg. Co., 201 Mo. l. c. 441, 99 S. W. 1062; Redmon v. Railroad, 185 Mo. l. c. 9, 84 S. W. 26; Lemon v. Chanslor, 68 Mo. l. c. 356, and authorities to which these cases refer.]

And in any event the giving of this instruction could not have been reversible error under the circumstances. Plaintiff's proof raised a presumption of negligence on the part of defendant which there was nothing tending to rebut or dispel. There was then left in the case no issue as to defendant's negligence. As to such a situation this court in Nagel v. Railroad, 169 Mo. App. 284, 152 S. W. 621, in an opinion by NORTONI, J., said:

"Defendant introduced no evidence whatever tending to rebut the presumption of negligence, or tending to show that it had acquitted its obligation with due care. . . . This being true, it would seem that though the general denial in the answer put the question of negligence at issue, plaintiff sustained his burden and established the fact of negligence by showing a state of facts, as he did, which afforded the presumption, and that matter was set at rest in the case in the absence of countervailing proof on the part of defendant. In other words, when the presumption of negligence arose on the facts developed and defendant declined to combat it or even attempt to repel it,

the issue touching that matter disappeared. In this state of the case, except for the right of defendant to have the credibility of the witnesses passed upon by the jury, as declared in Gannon v. Laclede Gas Light Co., 145 Mo. 502, 46 S. W. 968, 47 S. W. 907, the court might properly have declared defendant negligent as a matter of law. With the matter of defendant's negligence established and no longer at issue, we are unable to discover reversible error in the general language of the instruction complained of.''

And in MacDonald v. Railroad, supra, l. c. 487, it is said: ''Therefore, as a carrier is under a duty to carry its passengers safely, it should explain its conduct in throwing them hither and yon as if shot out of a catapult. If it did not explain that conduct by proof showing its own high diligence and care, or by showing the intervention of some independant cause, it must be conclusively presumed guilty of negligence, for it has failed to rebut the prima-facie presumption of negligence arising from the unusual and violent stop.''

It is quit apparent that the defendant could not possibly have been prejudiced by the giving of the instruction here in question. Defendant complains of the *burden* which it says this instruction placed upon it, i. e., that it was thereby made to carry a heavier burden than the law sanctions. But the fact is that the defendant did not undertake to carry any burden whatsoever, but tacitly admitted its inability to overcome the presumption raised against it. That part of the instruction complained of might well have been omitted altogether, under the circumstances; for if the jury found the relation of passenger and carrier, the collision and consequent injury to plaintiff, such facts, in the absence of any explanation on the part of defendant, entitled plaintiff to a verdict. And surely defendant cannot complain that the instruction was so drawn as to permit the jury to find that defendant had

shown that it was not at fault in the premises, when in fact it did not attempt to make such showing.

II. A further ground of complaint is that the amount of the verdict, to-wit, $6500, is excessive. Respecting this assignment of error we have carefully examined the evidence relating to plaintiff's injuries. It appears that she was fifty-four years of age, sound and in good health, at the time of her injury. By reason of the collision she was thrown to the floor of the car and trampled upon by escaping passengers, two of her ribs were broken, and she received injuries to her back, head and neck, and a severe nervous shock. She was constantly under a physician's care from the happening of the casualty to the time of the trial below. And the medical testimony adduced in her behalf went to show that as the result of her injuries her heart had become affected, and her nervous system and general health greatly impaired; that she had become subject to dizzy or fainting spells, and had attacks of heart trouble which confined her to her bed for weeks at a time. And the opinions of the medical experts testifying in her behalf were that there would be no permanent improvement in her condition, and that her tenure of life was precarious.

With this evidence in the case we think the verdict of the jury cannot be said to be excessive—certainly not so plainly so as to warrant interference by this court.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Nortoni, J.,* concur.