HELEN M. MITCHELL, widow, *v.* WILLIAM B. ATKINS.

*(May 7, 1935.)*

RODNEY, J., sitting.

*James R. Morford* (of Marvel, Morford, Ward and Logan) and *Howard W. Bramhall* for plaintiff.

*H. H. Ward, Jr.,* and *William S. Potter* (of Ward & Gray) for defendant.

Superior Court for New Castle County, No. 42, November Term, 1933.

RODNEY, J., delivering the opinion of the Court:

The fourth count is based entirely on the principle of *res ipsa loquitur*. It is unnecessary to state the count *in extenso*, but generally the plaintiff contends therein that her deceased husband retained and employed the defendant, a practicing dentist, to extract a tooth; that, in the course of the extraction, nitrous oxide gas was administered and the patient died; that the deceased had been in good health prior to the extraction; that the plaintiff is unable to aver the specific cause or negligence on the part of the defendant but avers that the death could not have occurred except for the defendant's negligence and the lack on the part of the defendant of that professional care and skill requisite in the matter.

There is thus raised by the demurrer the narrow question as to whether the doctrine of *res ipsa loquitur*, operating on the facts disclosed by the count, is a sufficient statement of the cause of action.

The ordinary rules governing the duties and liabilities of physicians and surgeons are equally applicable to other and kindred branches of the healing profession and so we find most of the pertinent authorities listed under the title of "Physicians and Surgeons."

██ It is an elementary rule that the law holds a physician, surgeon or dentist answerable for an injury to a patient resulting from want of requisite knowledge or skill or from the omission to use reasonable care and diligence in the application of such knowledge or skill. The more difficult question has always been as to just what constitutes "requisite knowledge or skill."

██ Along with the general principle of liability for injury due to want of requisite knowledge or skill, there exists the cognate principle that where the possession of requisite knowledge and skill has been shown, together with the use of such qualities with reasonable care and diligence, that then the practitioner is not responsible for the results that follow the treatment administered by him. The law does not make a doctor an insurer of the best result of the treatment.

The great weight of authority is to the effect that in malpractice cases the skill and care of the dentist or physician will be presumed in the absence of any evidence to the contrary. In 21 *R. C. L.* 406, it is said:

"The law accords the medical practitioner the presumption that he has done his duty, and in a suit for injury caused by alleged malpractice the burden is on the plaintiff to prove the want of reasonable or ordinary care or skill. * * * The burden of proof is not shifted by showing an unsuccessful result has attended the treatment of the patient by the physician. Nor does the unsuccessful result of the case shift from the plaintiff to the defendant the burden of going forward." *Moore v. Smith,* 215 *Ala.* 592, 111 *So.* 918.

██ The application of the doctrine of *res ipsa loquitur* to cases of malpractice by dentists has been considered in a number of cases. Most of these cases are cited in the *note* in 69 *A. L. R.* 1142 and in the annotations thereto. See, also, *notes,* 27 *N. C. C. A.* 756, 35 *N. C. C. A.* 144. In a few jurisdictions it has been held, that where in a suit against a dentist for malpractice it was shown that the defendant was negligent in the use of an instrumentality such

as an electric drill, that the rule of *res ipsa loquitur* is not excluded. A typical case is *Vergeldt v. Hartzell (C. C. A.)*, 1 *F.* (2d) 633, which is much relied on by the plaintiff, where recovery was sought on the following allegation of negligence:—"(5) Negligence while and in the manner of handling and operating the instrument." There the Court drew the clear distinction between the possession of skill or knowledge on the one hand and the negligent performance of an operation on the other. There the Court considered *res ipsa loquitur* as a rule of evidence. The Court held, that where it appeared that a machine or instrumentality was, as to user and inspection in the control of the party charged and was of such a nature that no injurious consequence would ordinarily flow except from careless construction, inspection or user and that the injurious occurrence must have happened irrespective of any voluntary action of the injured party, that then in such case the rule of *res ipsa loquitur* would apply. It is not entirely clear to me, that, properly speaking, the doctrine of *res ipsa loquitur* was there involved at all, for, ordinarily, *res ipsa loquitur* does not apply where there is evidence of specific negligence. The cited case, however, is clearly distinguishable from the present one. In the cited case the defendant was polishing an inlay with a sandpaper disc attached to an electric drill, operated at high speed. The attention of the operator being momentarily diverted, the drill and disc slipped from the inlay, penetrating the floor of the plaintiff's mouth and burying the disc deeply near the roots of the tongue. The negligence was not in treating that which he was employed to treat but consisted of a negligent extraneous injury. The Court cited with approval *Evans v. Roberts*, 172 *Iowa* 653, 154 *N. W.* 923, 925, where a surgeon, operating for the removal of adenoids, allowed an appliance to slip, whereby a severe injury was inflicted upon another and undiseased portion of the body. The Court said:

"His negligence, if any, was in failing to take due care to avoid injury to the undiseased parts * * * which he was not called upon to treat and did not pretend to treat." See, also, *Bence v. Denbo,* 98 *Ind. App.* 52, 183 *N. E.* 326.

On the other hand, there are a number of cases which hold that the doctrine of *res ipsa loquitur* does not ordinarily apply in malpractice cases. *Donoho v. Rawleigh,* 230 *Ky.* 11, 18 *S. W.* (2d) 311, 69 *A. L. R.* 1135; *Stacy v. Williams,* 253 *Ky.* 353, 69 *S. W.* (2d) 697; *Smith v. McClung,* 201 *N. C.* 648, 161 *S. E.* 91; *United Dentists v. Bryan,* 158 *Va.* 880, 164 *S. E.* 554; *Mournet v. Sumner,* 19 *La. App.* 346, 139 *So.* 728; *McTyeire v. McGaughy,* 222 *Ala.* 100, 130 *So.* 784; *Johnson v. Arndt,* 186 *Minn.* 253, 243 *N. W.* 67; *Chubb v. Holmes,* 111 *Conn.* 482, 150 *A.* 516; *Ewing v. Goode* (*C. C.*), 78 *F.* 442; *McCoy v. Clegg,* 36 *Wyo.* 473, 257 *P.* 484, 27 *N. C. C. A.* 756 and *note; Inglis v. Morton,* 99 *Wash.* 570, 169 *P.* 962.

The present case, under count 4, is possibly distinguishable from but certainly stronger than any cited case. Here there is no allegation of negligence at all. Reliance is had solely upon the rule of *res ipsa loquitur,* operating upon the mere facts of administration of an anæsthetic and subsequent death as establishing *prima facie* negligence sufficient to place upon the defendant some burden of justification. It is true that the plaintiff in the Declaration had stated the fact that the deceased had theretofore been in good health, and also the conclusion that the death could not have occurred except for the defendant's negligence. Whether this negligence be that of failure to possess requisite knowledge and skill or in failing to exercise due care and dilligence, of course, does not appear, and evidence of one might be inadmissible in support of the other.

The mere fact that a patient dies under the influence of an anæsthetic does not show negligence. *Loudon v. Scott,* 58 *Mont.* 645, 194 *P.* 488, 12 *A. L. R.* 1487 and *note;*

*Levy v. Vaughan,* 42 *App. D. C.* 146; *Spain v. Burch,* 169 *Mo. App.* 94, 154 *S. W.* 172; *Johnson v. Arndt,* 186 *Minn.* 253, 243 *N. W.* 67; *Dolan v. O'Rourke,* 56 *N. D.* 416, 217 *N. W.* 666.

In an action of this kind there must either be alleged and proved a lack of requisite knowledge or skill or there must be alleged and proved a failure to exercise a proper degree of care and diligence on the part of the defendant or, some negligence of the defendant being alleged, there should appear some state of facts connected with an instrumentality in the control of the defendant or with the treatment accorded to the plaintiff which brings about a result so inconsonant with the normal and usual result that it must pre-suppose negligence in the application of the relief.

Assuming the truth of the allegations of count 4, no cause of action is therein set out.

The demurrer is sustained.