ANDREW VATTILANA and ELIZABETH T. VATTILANA, Plaintiffs, v. GEORGE & LYNCH, INC., a corporation of the State of Delaware, Defendant.

(*August* 11, 1959.)

STIFTEL, J., sitting.

*A. James Gallo, Norman N. Aerenson* and *Gerald Z. Berkowitz* for plaintiffs.

*William Prickett, Jr.* (of Prickett and Prickett) for defendant.

Superior Court for New Castle County, No. 492, Civil Action, 1958.

STIFTEL, J.:

Plaintiffs Andrew Vattilana and Elizabeth T. Vattilana own a home and greenhouses at 215 Silverside Road in New Castle County. During the months of September, October, November and December, 1956, and January, February, March, April and May, 1957, defendant corporation, George & Lynch, Inc., was widening and constructing Floral Drive and Gravers Lane, which were located near the home and greenhouses of plaintiffs. The construction work of the defendant necessitated

blasting operations. Plaintiffs claim their home and greenhouses were damaged as a result of the blasting.

The original complaint filed by the plaintiffs on April 30, 1958, alleges that defendant corporation, or its agents, were negligent in the following respects:

(a) They failed to take the necessary precautions to provide for the safety of property in the area.

(b) They set off unreasonable blasts of dynamite or other highly dangerous explosives with such great force that rocks, stones and other debris were thrown on the plaintiffs' land.

(c) They set off blasts when they knew or should have known that such blasts would cause harm to the plaintiffs' property.

(d) After repeated warnings, they continued to blast in the same manner.

On September 12, 1958, plaintiffs' complaint was amended with leave of the Court, by adding a sub-paragraph (e) to paragraph 6, as follows:

"(e) The instrumentalities through which the blasting was being performed and the blasting which caused the damage to the plaintiffs' property was exclusively within the knowledge and control of the defendant, its agents or servants and that the negligent blasting was due to some acts or omissions constituting negligence on the part of the defendant, its servants or agents, which negligence was the sole direct and proximate cause of the damage to the plaintiffs' property and as a result thereof the Doctrine of *Res Ipsa Loquitur* applies."

Defendant moved to strike sub-paragraph 6(e) of the amended complaint or, in the alternative, has asked for summary judgment as to sub-paragraph 6(e) of the amended complaint for two reasons: First, defendant claims that *res ipsa loquitur* is not available in this case, and second, defendant

argues that even if the doctrine is available in the type of case presented here, it is not available here where the plaintiffs have already set forth the negligence of the defendant specifically, as appears in sub-paragraphs (a) through (d) of paragraph 6 of the complaint.

I will first decide if *res ipsa loquitur* is available in this case.

The applicability of the doctrine of *res ipsa loquitur* depends on the particular facts and circumstances of each individual case. *Starr v. Starr*, 5 *W. W. Harr.* 556, 170 *A.* 924. Before its application can be considered by the trial court, the following requirements must be met:

1. Defendant must have had full management and control of the instrumentality which caused the injury.

2. The circumstances must be such that, according to common knowledge and the experience of mankind, the accident could not have happened if those having control and management had not been negligent.

3. Plaintiffs' injury must have resulted from the accident. *Edmanson v. Wilmington & Philadelphia Traction Co.*, 2 *W. W. Harr.* 177, 120 *A.* 923, 924; *Shain, Res Ipsa Loquitur* (1957 Edition), p. 280.

The doctrine is essentially a rule of evidence by which the jury is permitted to infer negligence, or want of care, from the proof of injury and attendant circumstances. *Thompson v. Cooles*, 7 *W. W. Harr.* 83, 180 *A.* 522, 525. The rule is based on probability and the procedural policy of placing the burden on the party who possesses the superior knowledge or opportunity for explanation of the causative circumstances. *Kahalili v. Rosecliff Realty*, 26 *N. J.* 595, 141 *A.* 2d 301, 307, 66 *A. L. R.* 2d 680. The doctrine does not affect the burden of proof. This remains with the plaintiff. It merely shifts the burden of evidence. The most that is required by the defendant is

explanation, not exculpation; and where there is an explanation, it is for the jury, as in the ordinary case, to determine the facts and inferences to be drawn from the circumstances. *Res ipsa loquitur* raises a permissible inference of negligence to take the case to the jury, but it is not an absolute inference that the jury must accept. *Biddle v. Haldas Bros.*, 8 *W. W. Harr.* 210, 190 *A.* 588, 596.

 In the principal case the defendant was admittedly working on widening and constructing public roads. In the process of conducting its work, it was necessary to blast. It is claimed by plaintiffs that concussion caused damage to their property. The defendant had the management and control of the blasting operations. It knew how much explosive was being used and how and why it was being used. The burden of explanation should be on the defendant to show that the damage to plaintiffs' property was not caused by blasting operations.

In *Cratty v. Samuel Aceto & Co.*, 151 *Me.* 126, 116 *A.* 623, plaintiff sued for injuries to his house caused by concussion created by blasting by defendant. The Court held *res ipsa loquitur* doctrine applied. Accord: *Hoyt v. Amerado Petroleum Corp.*, La. App., 69 *So.* 2d 546; *Marlowe Construction Co., Inc., v. Jacobs*, Ky., 302 *S. W.* 2d 612. See, generally, *Liability for Damage by Blasting*, 20 *A. L. R.* 2d § 8, pp. 1397, 1398.

*Res ipsa loquitur* should be applied in this case since the damage alleged is unusual and such as would not normally occur if the user of the dangerous instrumentality had the required knowledge and if he had exercised the proper care. This type of damage suffered by plaintiffs does not generally happen except as a consequence of negligence.

I conclude, therefore, that the doctrine of *res ipsa loquitur* is applicable in this case.

I next consider whether or not the plaintiffs may allege specific negligence and at the same time rely on the doctrine of *res ipsa loquitur* in their complaint.

Defendant argues that plaintiffs, by pleading specific negligence, are precluded from pleading *res ipsa loquitur*. Defendant claims that since plaintiffs show by their specific pleading that they have access to the facts, they should not be entitled to use a doctrine designed to help plaintiffs who do not have access to the facts.

In support of its position, defendant relies on the *Delaware* case of *Mitchell v. Atkins,* 6 *W. W. Harr.* 451, 178 *A.* 593, 594, where the plaintiff, a widow, lost her husband in a dentist chair after the dentist, the defendant, administered nitrous oxide gas to him in preparing to extract his tooth. The Court commented on the case of *Vergeldt v. Hartzell,* 8 *Cir.,* 1 *F.* 2d 633, which was relied on by plaintiff to show that the doctrine of *res ipsa loquitur* was applicable in cases of the character under consideration, by distinguishing it on the facts, and then stated:

"It is not entirely clear to me, that, properly speaking, the doctrine of *res ipsa loquitur* was there involved at all, for, ordinarily, *res ipsa loquitur* does not apply where there is evidence of specific negligence."

The Court did not say that *res ipsa loquitur* cannot apply where there is evidence of specific negligence, it merely said that ordinarily it does not apply where there is evidence of specific negligence. The statement, furthermore, had no application to the *Mitchell* case, where no specific negligence was pleaded or proved.

 There are authorities which support defendant's contention that the application of the doctrine of *res ipsa loquitur* is precluded where the plaintiff alleges a specific act of negligence as the cause of the damage, but the weight of authority appears to be to the contrary. See, generally, *Annotations,* 79 *A. L. R.* 48, 160 *A. L. R.* 1450, 33 *A. L. R.* 2d 791. I do not agree with the view that plaintiffs should be precluded from invoking the doctrine of *res ipsa loquitur* where specific acts of negligence are alleged. Here plaintiffs have set forth certain specific

acts of negligence. They claim that defendant failed to take necessary precautions to provide for the safety of their property, and that the defendant set off unreasonable blasts of dynamite or other highly dangerous explosive with great force, which caused rocks, stones, and other debris to be thrown on the plaintiffs' land, and that they knew or should have known that these blasts would harm the plaintiff's property. Also, they allege that they repeatedly warned the defendant but it nevertheless continued the blasting in the same manner.

If plaintiffs can prove what they allege, then they may not desire to make use of the doctrine of *res ipsa loquitur*. Furthermore, if plaintiffs have full and complete knowledge of the negligence of defendant, there is no use for the doctrine. *Citrola v. Eastern Air Lines, Inc.*, 2 *Cir.*, 264 *F.* 2d 815, 819. However, should the plaintiffs' attempt to prove specific negligence on the part of defendant be insufficient, or should their introduction of specific evidence fail to establish the precise cause of the damage claimed, they should not as a result be deprived of the benefits available to them under the doctrine of *res ipsa loquitur. Commerce Insurance Co. v. Merrill Gas Co.*, 271 *Wis.* 159, 72 *N. W.* 2d 771; *Vol.* 2, *Harper and James, The Law of Torts*, § 1910, pp. 1096-1099; *Prosser, Torts*, (2d Ed., 1955), p. 214. It would be unfair to penalize plaintiffs for pleading what they believe is their best case at the risk of losing any possible benefits of the doctrine of *res ipsa loquitur. Prosser, The Procedural Effects of Res Ipsa Loquitur*, 20 *Minn. L. Rev.* 241, 265.

Defendant's motion to strike sub-paragraph 6(e) of the amended complaint or for summary judgment is denied.