Sanford KORNBERG and Elinor Kornberg, Appellants,

v.

GETZ EXTERMINATORS, INC., a Corporation, Respondent.

No. 47676.

Supreme Court of Missouri,

Division No. 2.

Jan. 9, 1961.

Melvin Newmark, James W. Jeans, Gray & Jeans, St. Louis, for appellant Sanford Kornberg.

R. E. Keaney, Joseph H. Miller, Moser, Marsalek, Carpenter, Cleary, Jaeckel & Hamilton, Dulin & King, St. Louis, for respondent.

LEEDY, Presiding Judge.

This is an appeal from the order dismissing plaintiffs' petition with prejudice upon their failure to make the same more definite and certain as ordered by the court. The action is one in tort, brought in three counts, to recover damages based on defendant's negligence in applying an "alleged insecticide" to certain parts of plaintiffs' home in the course of its employment to exterminate and rid the same of insects, and whereby the atmosphere of said home allegedly became and remains permeated with putrid, vile, toxic, noxious odors. The first count is on behalf of both plaintiffs as tenants by the entireties, and is based on damage to the dwelling and in-

terference with their use and enjoyment thereof, for which they seek to recover $50,000. The second count incorporates by reference the factual allegations of the first count, and avers that the same negligence resulted in personal injury to Elinor, the wife, as well as causing humiliation, anxiety and embarrassment, for which she asks damages in the sum of $5,000. The third count follows the pattern of the second, and seeks to recover $5,000 on behalf of Sanford, the husband, for humiliation, anxiety, embarrassment, and the loss of consortium by reason of the injuries suffered by his wife, Elinor.

Defendant's motion to make more definite and certain was directed against the generality of the allegation of negligence as set forth in paragraph 3 of the petition, which paragraph is as follows:

"That on or about the latter part of December, 1956, or in early January, 1957, the plaintiffs employed defendant to exterminate and rid their said home of insects; that prior to said date, the home of plaintiffs was free from any unusual odors; that the defendant, by and through its servant and agent, made application of a certain alleged insecticide containing Mala-. thion to various parts of plaintiffs' home; that immediately after the application of the alleged insecticide and continuously since that time, the atmosphere of plaintiffs' home has been permeated in variant degrees with putrid, vile, toxic, noxious odors eminating from those areas of plaintiffs' home where the said alleged insecticide had been applied by the servant and the agent of the defendant; that the defendant has exclusive knowledge as to the cause of such vile, noxious odors; that the proper application of Malathion does not result in a house so treated to be permeated with such vile, noxious, toxic, putrid odors for such extended period of time; that the defendant, by and through its servant and agent, in making the application of the alleged insecticide in such places in plaintiffs' home, so as to cause such vile, toxic, putrid, noxious odors to eminate therefrom

in such offensive degree and for such an extended length of time, was negligent and careless."

The prayer of the motion was that "plaintiffs be required to make a more definite statement as to the allegation that defendant 'was negligent and careless;' and that plaintiffs be required to state specifically and to itemize those acts of omission or commission on the part of defendant constituting the allegation that defendant 'was negligent and careless,' none of said averments being pleaded with sufficient definiteness or particularity to enable the defendant to prepare a responsive pleading or to prepare generally for trial." The motion was sustained, and plaintiffs were granted leave to file an amended petition within five days. Upon their failure so to do, the order appealed from was entered.

There is, of course, only one point presented, and that is that the court erred in sustaining the motion, the reasons assigned therefor being that the petition pleads "a short and plain statement of the facts" in conformity with Section 509.050 RSMo 1949, V.A.M.S., which fully outlined the basis of their claim, and the breach of duty with which defendant is charged; that in the nature of things plaintiffs do not know the exact cause of the precise negligent act; that under these circumstances the general charge of negligence is sufficient. They cite these authorities in addition to the statute just mentioned: Maybach v. Falstaff Brewing Corp., 359 Mo. 446, 222 S.W.2d 87, 92 [10–12]; 38 Am.Jur. 954, § 252, and Carter v. Skelly Oil Co., 363 Mo. 570, 252 S.W.2d 306.

■ The filing of a motion to make more definite and certain is, in effect, a concession that the petition states a claim upon which relief can be granted, but challenges, as an injustice to defendant, the stating of the claim in the manner pleaded. Allen v. St. Louis-San Francisco Railroad, Mo., 297 S.W.2d 483, 487; Graves v. Dakessian, Mo., 132 S.W.2d 972, 973; Wick

v. Keshner, Mo.App., 326 S.W.2d 369. We approach the point presented in the light of the rule that such a motion "is addressed to the sound discretion of the trial court, whose ruling thereon will not be disturbed provided a sound legal discretion was exercised." Kansas City Stock Yards Co. v. A. Reich & Sons, Inc., Mo., 250 S.W.2d 692, 699; 71 C.J.S. Pleading § 475; Hartvedt v. Harpst, Mo., 173 S.W. 2d 65; Sartin v. Springfield Hospital Ass'n, Mo., 195 S.W. 1037. So, if the trial court did exercise a sound, legal and reasonable discretion in ruling the motion, the order should be affirmed; if not, plaintiffs are entitled to a trial on the merits of their claim as presently pleaded, and the order should be reversed, and the cause remanded for that purpose.

Plaintiffs place their principal reliance on the Maybach case, supra, whereas defendant says the issue now before us was not in that case because defendant there did not file a motion to make the plaintiff's petition more definite and certain. Maybach was an action against the brewing corporation for personal injuries sustained when two beer bottles exploded when a customer removed them from a shelf in a Kroger store more than seven days after the bottles had left the brewer's control. Kroger had been joined originally. Verdict for both defendants, but the court sustained plaintiff's motion for new trial as to the brewing corporation, and it alone appealed. The case had apparently been tried on the theory that the res ipsa loquitur doctrine applied. On appeal, it was contended that the case should not be remanded for new trial because under the pleadings and proof the plaintiff failed to make a submissible case under the res ipsa doctrine. It was held that the res ipsa rule was inapplicable, but that the case should be submitted, not as a true res ipsa case, but as one depending in part on circumstantial evidence.

As previously indicated, no question arises in this case as to the sufficiency of the petition to state a claim upon which relief can be granted. Defendant's brief thus reduces to its simplest terms the position taken by defendant, as follows: "To clarify the issue herein, it is not the respondent's contention that appellants did not state a cause of action, since a charge of general negligence which is not challenged by motion to make more definite in the Court below will support a judgment. It is rather the respondent's position that where a timely objection is made to a plea of general negligence, the plaintiff must then plead specific negligence." In this connection, defendant cites and particularly relies upon the last sentence of the following excerpt from Zichler v. St. Louis Public Service Co., 332 Mo. 902, 59 S.W. 2d 654, 658: "If the petition specifies the act, the doing of which caused the injury, and avers generally that such act was negligently done, the petition is sufficient. Such a petition would be subject to a motion to make more definite and certain, but in the absence of such an attack, it would be good after verdict."

On appeal, Maybach was not regarded as being a res ipsa case, and the opinion expressly so stated. It not only held the petition's general charge of negligence good as against attack (for failure to state a claim) after verdict, but also that it was sufficient even had the attack been more timely. There, the bottles which exploded had been out of the brewer's control for seven or eight days, and it was held that mere proof of the explosion did not create an inference of negligence on the part of the defendant so as to bring the case under the res ipsa rule. Nevertheless, it was held that negligence might be established by circumstantial evidence as well as direct evidence.

On the question of the averments of the petition, after stating that a "plaintiff should allege facts sufficient to inform the defendant of the breach of duty with which he is charged and, if the facts are within the plaintiff's knowledge, he should be required to state them with reasonable particularity," [359 Mo. 446, 222 S.W.2d 92] and noticing

that negligence "is an ultimate fact which may be pleaded as such, and not a conclusion," and observing that the law does not require the impossible, Maybach continues: " 'Where, from the nature of the case, the plaintiff in an action for damages for negligence could not be expected to know the exact cause of the precise negligent act which became the cause of an injury, and the facts were peculiarly within the knowledge of the defendant, the plaintiff is not required to allege the particular cause.' [38 Am.Jur., p. 954, sec. 262. See also Rinard v. Omaha K. C. Ry., 164 Mo. 270, 64 S.W. 124; State ex rel. Becker v. Koerner, Mo.App., 181 S.W.2d 1004; Houts 'Missouri Pleading and Practice,' p. 202, sec. 107.]

"Under the circumstances of this case, the facts concerning the manufacture of the beer and the inspection and charging of the bottles being peculiarly within the knowledge of appellant, we think the petition charges general negligence with as much particularity as should be expected. [38 Am.Jur., pp. 951–4, secs. 261–2.]"

We think the conclusions reached by the court as stated in the two paragraphs last above quoted are quite as applicable to a motion to make more definite and certain as to a challenge of the sufficiency of a pleading to state a claim, and, this being so, the case at bar falls squarely within, and our question is to be ruled in conformity with, those conclusions and principles.

By its motion to make more definite and certain, defendant would require plaintiffs to state with particularity what defendant had done or had failed to do so as to cause the long-standing stench in plaintiffs' home, whereas the facts concerning those matters, and especially the nature, manner of applying, and the effects of the insecticide used by defendant in treating plaintiffs' home, were peculiarly within the knowledge of the defendant, and were matters of which plaintiffs could not reasonably be expected to know, and so, just as in Maybach, the instant petition must be held to charge gen-

eral negligence with as much particularity as should be expected. As a holding to the contrary would amount to an abuse of discretion, the judgment of dismissal should be, and it is, reversed, and the cause remanded.

EAGER and STORCKMAN, JJ., and BROADDUS, Special Judge, concur.