James Lee **HASEMEIER**, Appellant,

v.

Hugh R. **SMITH**, Respondent.

No. 48959.

Supreme Court of Missouri,

En Banc.

Nov. 14, 1962.

John T. Sluggett, III, Clayton, for appellant.

Morris E. Stokes, Burton H. Shostak, Moser, Marsalek, Carpenter, Cleary Jaeckel & Hamilton, St. Louis, for respondent.

COIL, Commissioner.

Mr. Hasemeier, the plaintiff below, filed a malpractice action wherein he claimed $25,000 as damages for the wrongful death of his wife which he averred was due to defendant's negligence. Defendant's motion to dismiss on the ground that plaintiff's petition did not state a claim upon which relief could be granted was sustained, and the trial court adjudged "that this cause of action be and is hereby dismissed without prejudice." Defendant has moved to dismiss this appeal on the ground that the judgment of dismissal was not final and appealable.

Defendant concedes that a judgment dismissing an action for failure of the petition to state a cause of action is a final appealable judgment unless the trial court specifies otherwise. Defendant contends that because the dismissal of the present "cause of action" was without prejudice and because Section 510.150 RSMo 1959 and V.A.M.S. provides that upon a dismissal without prejudice another action may be brought for the same cause, the trial court's dismissal judgment thereby specified that the judgment was not final.

■ When a petition is dismissed on the ground that it fails to state a claim upon which relief can be granted, the ensuing judgment of dismissal is final and appealable. The fact that the plaintiff may, if he chooses, bring another action for the same cause does not alter the fact that that judgment was a final adjudication as to that petition and if plaintiff chose to stand on that petition, the judgment was final and appealable. See Douglas v. Thompson, Mo., 286 S.W.2d 833; Healy v. Atchison, T. & S. F. R. Co., Mo., 287 S.W.2d 813, 814, 815; Frank v. Sinclair Refining Co., 363 Mo. 1054, 256 S.W.2d 793, 796; Wegman v. Fendelman, Mo.App., 333 S.W.2d 290, 293, 297[6, 7]. Plaintiff, having elected to appeal from the judgment dismissing his "cause of action" without prejudice, rather than to bring another action, would be estopped to bring another action for the same cause after an appellate court had affirmed the trial court's dismissal judgment in cases such as this where the trial court's judgment was that plaintiff had not stated a claim on which relief could be granted and was treated by plaintiff as an adjudication on the merits. Such is unlike the situation in Douglas v. Thompson, supra, where a judgment of dismissal without prejudice for failure to comply with the rule that required plaintiff's address to be stated in the petition, although an appealable judgment, did not prevent the commencement of a new action under Section 516.230 RSMo 1959 and V.A.M.S. after affirmance of the dismissal judgment by this court. Douglas v. Thompson, supra, 286 S.W.2d 835.

Plaintiff alleged that when his wife, now deceased, was pregnant she employed defendant, a physician and surgeon specializing in obstetrics, to attend and treat her for the remaining prenatal period, to deliver her child, and to render required postnatal care; that on January 21, 1961, plaintiff conveyed his wife, then in labor, to a hospital where she was placed under the exclusive control of defendant who, at 12:30 a. m. on January 22, advised plaintiff that the baby was dead and it would be necessary to "take" the baby to prevent complications detrimental to the health of his wife; that thereafter the wife was taken to the delivery room where a general anesthetic was administered, as the result of which she became unconscious and, never regaining consciousness, died at 6 a. m.; that prior thereto a live, healthy, female child "was extracted from the uterus of the plaintiff's decedent" and the child was at the time of filing the petition well and normal in all respects; that the "fatality rate of mothers in childbirth in modern hospitals * * * is so * * * low" as to not be "the subject of statistics"; that the death of plaintiff's wife was proximately caused by the negligence and carelessness of the defendant in administering to her, including the prenatal and postnatal care and the delivery of the child and the administration by defendant of the anesthetic; that the exact nature of such carelessness and negligence "plaintiff cannot state and does not know as plaintiff was not present at any of the times of such treatment and plaintiff's decedent was not conscious."

Plaintiff asserts that the trial court erred in adjudging his petition insufficient for the reason that the petition stated a claim for relief under the res ipsa loquitur doctrine and for the further reason that, in any event, the petition stated a claim entitling plaintiff to relief under his allegations of general negligence.

It is our view that the res ipsa loquitur rule is not applicable to the occurrence as alleged in plaintiff's petition. Res ipsa loquitur is a rule of evidence whereby a submissible issue of negligence may be made by adducing a particular kind of circumstantial evidence, viz., by showing the fact of an occurrence which, because of its character and circumstances, permits a jury to draw a rebuttable inference, based on the common knowledge or experience of laymen, that the causes of the occurrence in question do not ordinarily exist in the absence of negligence on the part of the one in control.

"Generally, the doctrine of res ipsa loquitur is not applicable in malpractice cases," and only in unusual circumstances may a physician or surgeon be found guilty of a failure to exercise the requisite degree of care in the absence of expert medical testimony tending to so prove. Williams v. Chamberlain, Mo., 316 S.W.2d 505, 511. Thus it has been held that no inference of negligence arises (and that the res ipsa loquitur rule is not applicable) from the fact alone that an unfavorable result ensues from treatment or surgery even though the unfavorable result may be a rare one in the particular case, Ritter v. Sivils, 206 Or. 410, 293 P.2d 211, 213; or from the fact alone that the result of surgery was fatal, Sanders v. Smith, 200 Miss. 551, 27 So.2d 889, 892[2, 3], Barker v. Heaney, Tex.Civ.App., 82 S.W.2d 417, 419, Loudon v. Scott, 58 Mont. 645, 194 P. 488, 492 [8–10], 12 A.L.R. 1487; or from the fact alone that the patient died while under an anesthetic or while one was being administered, Mitchell v. Atkins, 6 W.W.Harr. 451, 36 Del. 451, 178 A. 593, 595[5], Spain v. Burch, 169 Mo.App. 94, 154 S.W. 172, 176[4]. See also, Thompson v. Lillehei, 8 Cir., 273 F.2d 376, 381[3–5]; Annotations in 162 A.L.R. 1265; 29 A.L.R.2d 501, 504, § 3; 37 A.L.R.2d 1284, 1294, § 11; 58 A.L.R.2d 216, 228, § 8.

There is a line of cases in which various courts have held the res ipsa loquitur rule applicable where the patient receives, during the course of an operation or medical treatment, especially if the patient is unconscious, an unusual injury; that is, for example, an injury to an unaffected portion of the body, i. e., one unconnected with the area of the operation or treatment. See for example, Oldis v. La Societe Francaise De Bienfaisance Mutuelle, 130 Cal.App.2d 461, 279 P.2d 184, 186[1, 2] (patient burned while in surgery on a part of the body not within the area of or affected by the surgery); Poor Sisters of St. Francis v. Long, 190 Tenn. 434, 230 S.W.2d 659, 662, 663 (patient hospitalized for childbirth and during delivery received a compression of the eighth vertebra and a comminuted fracture of the humerus in the left shoulder area); Meadows v. Patterson, 21 Tenn.App. 283, 109 S.W.2d 417, 419[2, 3] (in which the doctrine was recognized where a patient was operated for appendicitis and while unconscious received an eye injury probably inflicted by a fingernail, but the court refused to apply the doctrine because a finding or inference that the eye injury occurred in the operating room as opposed to some other place at a later time was not justified).

There are cases wherein it is alleged that a physician or surgeon left a foreign object in an operative cavity which are sometimes by some courts referred to as res ipsa loquitur cases, although probably they are specific negligence cases. Williams v. Chamberlain, supra, 316 S.W.2d 511, and Missouri cases there cited.

The present case falls into neither of the mentioned categories and aside from every other question which might be suggested pertaining to the applicability of the res ipsa loquitur rule under the facts alleged by plaintiff, it is sufficient to point out that (assuming the allegations of the petition that the doctor "took" and "extracted from the uterus" the child means that a Caesarean section was performed for the sole reason that defendant thought the child was dead) the only relevant inferences possible from the fact and character of the occurrence stated in plaintiff's petition are that an unnecessary operation was performed, and

perhaps an extremely tenuous inference that in the absence of that operation no death would have occurred. It is apparent, however, that those inferences, even if both were justified, do not supply the absent, presently unjustified, but essential prerequisite to the application of the doctrine that laymen know, based on their common knowledge or experience, either that a Caesarean section ordinarily would not have been performed on plaintiff's decedent but for the negligence of defendant, or that a patient ordinarily does not die during the course of or as a result of prenatal care, childbirth whether or not by Caesarean section, postnatal care, or while under an anesthetic, irrespective of the particular attending circumstances, unless the physician in charge was negligent.

We hold, therefore, that the averments of plaintiff's petition preclude the application of the res ipsa loquitur rule to the stated occurrence.

█ Plaintiff contends that his petition was erroneously dismissed because he stated a sufficient claim for relief by charges of general negligence; and that such is true irrespective of whether the doctrine of res ipsa loquitur is applicable. We are of the opinion that plaintiff is correct in that contention in the light of the recent opinion of this court in Kornberg v. Getz Exterminators, Inc., Mo., 341 S.W.2d 819. The result in the Kornberg case is based upon an analysis and application of the principles enunciated in Maybach v. Falstaff Brewing Corp., 359 Mo. 446, 222 S.W.2d 87, 90, pertaining to averments of general negligence which may be established by circumstantial evidence even though the res ipsa loquitur rule is inapplicable. In the Kornberg case the trial court had sustained a motion to make a petition more definite and certain. The petition's averments in that case were, in substance, that defendant had been employed to rid plaintiff's home of insects; that pursuant thereto defendant had applied a · certain insecticide in plaintiff's home which caused portions of the house then and

continuously since to be permeated with putrid, vile, toxic, and noxious odors; that defendant had exclusive knowledge as to the cause of such and that the insecticide used, properly applied, would not result in such odors for an extended time; and that defendant was negligent and careless in applying the insecticide in such places in plaintiff's home as to cause those odors for such a length of time.

The court in the Kornberg case said, in review of the opinion in the Maybach case (341 S.W.2d 821, 822): "On the question of the averments of the petition, after stating that a 'plaintiff should allege facts sufficient to inform the defendant of the breach of duty with which he is charged and, if the facts are within the plaintiff's knowledge, he should be required to state them with reasonable particularity,' [359 Mo. 446, 222 S.W.2d 92] and noticing that negligence 'is an ultimate fact which may be pleaded as such, and not a conclusion,' and observing that the law does not require the impossible, Maybach continues: 'Where, from the nature of the case, the plaintiff in an action for damages for negligence could not be expected to know the exact cause of the precise negligent act which became the cause of an injury, and the facts were peculiarly within the knowledge of the defendant, the plaintiff is not required to allege the particular cause.' [38 Am.Jur., p. 954, sec. 262. See also Rinard v. Omaha, K. C. [& E.] Ry. Co., 164 Mo. 270, 64 S.W. 124; State ex rel. Becker v. Koerner, Mo.App., 181 S.W.2d 1004; Houts 'Missouri Pleading and Practice,' p. 202, sec 107.]

" 'Under the circumstances of this case, the facts concerning the manufacture of the beer and the inspection and charging of the bottles being peculiarly within the knowledge of appellant, we think the petition charges general negligence with as much particularity as should be expected. [38 Am.Jur., pp. 951–4, secs. 261–2.]' "

The court concluded that the petition in the Kornberg case charged "general negli-

gence with as much particularity as should be expected" and that a holding to the contrary constituted an abuse of discretion and reversed the judgment of dismissal, which, as noted, had resulted from the failure of plaintiff to comply with the trial court's order sustaining defendant's motion for a more definite statement.

The principles stated in the Maybach case as analyzed and applied in the Kornberg case are presently applicable. It is true that the averments of the petition in this case are as general as averments of negligence could possibly be, but it is also true that the usual malpractice case is a peculiarly appropriate one for allegations of general negligence; especially where, as here, the patient was allegedly unconscious and died without regaining consciousness, and where the facts with respect to the acts performed by the physician and their manner of performance are within defendant's knowledge and usually the full facts as well as the circumstances are unknown to plaintiff and perhaps difficult for him to ascertain.

■ In malpractice cases, just as in others, negligence and proximate cause may be proved by circumstantial evidence. Stallman v. Robinson, 364 Mo. 275, 260 S.W.2d 743, 749; Eichholz v. Poe, Mo., 217 S.W. 282, 284[1]; Hilton v. Mudd, Mo.App., 174 S.W.2d 31, 36[1, 2]. Ordinarily a court would not know until the trial what evidence, if any, circumstantial or otherwise, plaintiff might adduce in support of his allegations of general negligence. We are of the view that in this type of case a plaintiff should not be foreclosed from presenting whatever circumstantial or other evidence of negligence he may be able to adduce simply because he could not allege specific negligence at a particular time prior to trial, or because the res ipsa loquitur rule was not applicable to the occurrence as averred·in plaintiff's petition.

■ In this case, however, from plaintiff's brief and especially from statements made by plaintiff's counsel in oral argument, we have the impression that while plaintiff has made the formal contention that his petition should not be dismissed because he should be given an opportunity to present evidence, circumstantial and otherwise, of his allegations of general negligence, his real contention is that, since proof of the facts alleged in his petition is all the evidence he ever will be able to adduce, such evidence alone would constitute sufficient circumstantial evidence to authorize a jury to infer defendant's causal negligence; and we understand that such is the real question plaintiff intended to submit for decision.

If we are correct in our understanding and if we have correctly stated plaintiff's actual contention, we hold, for the reasons heretofore stated in connection with the nonapplicability of the res ipsa loquitur rule, that proof of all the averments of plaintiff's petition would not constitute sufficient evidence to make a submissible case.

Inasmuch as we may not confidently conclude that we have correctly construed plaintiff's real intention and contention, and inasmuch as plaintiff has not foreclosed his right to a ruling that the petition, standing alone as a pleading, sufficiently charges general negligence, our order should be and is that the judgment of the trial court is reversed and the case is remanded for further proceedings consistent with this opinion.

PER CURIAM.

The foregoing opinion by COIL, C., is adopted as the opinion of the court en banc.

Reversed and remanded for further proceedings.

EAGER, J., concurs in result in separate opinion filed.

WESTHUES, C. J., and STORCKMAN, LEEDY, DALTON, HOLLINGSWORTH and HYDE, JJ., concur .in result and concur in separate opinion of EAGER, J.

EAGER, Judge (concurring in result).

If the allegations of this petition consist only of general negligence, and if "proof of all the averments * * * would not * * * make a submissible case," then the judgment of dismissal should be affirmed. I would see nothing to be gained by permitting the plaintiff to prove at the trial merely what he has alleged, and then be cast on a directed verdict. I agree fully with the ruling in the divisional opinion that no res ipsa situation is presented; but I am not convinced that a strictly medical malpractice case of this type may properly be pleaded solely in terms of general negligence. Under our present discovery rules (Rules 56–62), V.A.M.R. plaintiff is given ample opportunity to determine the facts and to state specific negligence in this class of cases. (See discussion, 27 Mo.Law Review, 52–54, Practice and Procedure in Missouri—Divilbiss.)

I feel, however, giving to this petition the benefit of a liberal construction (State ex rel. Becker v. Koerner, Mo.App., 181 S.W. 2d 1004, and cases cited), and of such inferences as may reasonably be drawn from its allegations, that it states, rather scantily, the substance of a charge of negligent error in diagnosis. That, of course, is specific negligence. The allegation that defendant stated that the baby was dead and that this fact necessitated its removal, is a statement of defendant's expressed and then present diagnosis; the allegation that the baby was delivered alive and normal, is a statement that the diagnosis was wrong; negligence, generally, is alleged in all acts of the defendant, including the "prenatal care." Perhaps the most tenuous inference to be drawn upon such a theory is that of causation, i. e., that the supposed negligent error in diagnosis, by means of the operation, anesthetic, etc., caused the death. Viewed in this light, the petition may be subject to a motion to make more definite and certain.

Plaintiff would probably have a most difficult time in proving a submissible case on this theory. Williams v. Chamberlain, Mo., 316 S.W.2d 505, 512; Sibert v. Boger, Mo., 260 S.W.2d 569, 571. That, however, is not our problem here. In my view the motion to dismiss should have been overruled, and the judgment should now be reversed and the cause remanded.