**Clarence A. NELSON, Appellant,**

v.

**Dr. M. D. WOLFGRAM, Appellee.**

**No. 53704.**

Supreme Court of Iowa.

Jan. 13, 1970.

Hunt & Degnan, Guttenberg, for appellant.

Swift & Swift, Manchester, for appellee.

MOORE, Chief Justice.

Defendant's motion to dismiss plaintiff's petition claiming damages for malpractice

was sustained by the trial court on grounds it failed to state a cause of action. Plaintiff elected to stand on the pleadings and appealed. We reverse.

Plaintiff's petition alleges the identity of the parties, his freedom from contributory negligence, resulting disability, damages and includes these paragraphs which are pertinent here:

"3. That on the 18th day of December, 1966, plaintiff went to the office of the defendant's chiropractic office in Guttenberg, Iowa, to be examined for a tired back.

"4. That the defendant on the 18th day of December 1966, examined the plaintiff and told the plaintiff that the feeling of a tired back was caused by a tipped pelvis and that he could correct it, for the plaintiff, with chiropractic treatments.

"5. That following the examination of the plaintiff by the defendant on the 18th day of December, 1966, the defendant took X-rays of plaintiff and began a series of treatments. That the treatments were painful and hurt the plaintiff.

"6. That on the 22nd day of December, 1966, the defendant administered a third treatment to the plaintiff, extending and arching his back, which was accompanied by sudden, severe pain, causing his entire right side to become numb and the pain caused a spasm in his buttocks and down his leg and a hot painful sensation in the heel of his foot.

"7. That the diagnosis, examination and treatment done by the defendant was negligently done and the direct and proximate cause of the injuries complained of by the plaintiff.

"8. That because of the injuries incurred at the office of the defendant, the plaintiff was hospitalized and had medical and therapeutic expense in the past and will continue to have such expense in the future.

"9. That during the manipulations performed by the defendant, chiropractor, the back of the plaintiff was negligently placed in sudden extension and arching.

"10. That the manipulations by the defendant chiropractor were painful and aggravating and negligently performed upon the plaintiff.

"11. That as a proximate result of the negligence of the defendant, the plaintiff incurred a ruptured intervertebral disk in the lumbar spine with pressure on the nerve roots leading to the leg."

Defendant attacked plaintiff's petition by a motion to dismiss, to strike certain parts thereof and for more specific statement. We are here only concerned with the court's order sustaining the motion to dismiss. In view thereof the court stated no ruling was necessary on the other motions. Our ruling will require action thereon.

Defendant's motion to dismiss states: "Defendant moves to dismiss the Petition of plaintiff because the facts stated therein fail to show that plaintiff is entitled to any relief against this defendant because:

"1. The petition states no facts as distinct from conclusions, which show that defendant was guilty of any negligence as it attempts to claim, though said petition repeatedly states that defendant performed negligently, but states no facts to warrant such conclusions; it does not set forth any facts stating what defendant did or did not do in his treatment of plaintiff, but shows that he did not use the same degree of knowledge, care, skill, and attention ordinarily exercised by chiropractors under like circumstances and in like localities; that nowhere does said Petition set forth any facts from which a conclusion could be drawn that defendant was negligent in any manner in his treatment of plaintiff, not what he did or did not do that constitutes negligence in his care and treatment of plaintiff. Since the petition

pleads no facts as required by R.C.P. 70, the mere unsupported conclusion of negligence states no claim.

"2. That said petition claims only of general negligence and states only conclusions of negligence and fails to specify any claimed acts of negligence on the part of the defendant which proximately caused the injury and damage referred to in said petition by plaintiff.

"3. That said petition fails to set forth any facts which show that the treatment referred to in plaintiff's petition was in any way performed negligently or that there was any negligent treatment or lack of treatment on the part of the defendant of the plaintiff, the mere fact of defendant claiming to be injured as a result of treatment by the plaintiff is not sufficient without allegations of facts showing in what way said treatment was negligent, since said claimed injuries and damages could result from non negligent treatment.

"4. That said petition fails to show any facts showing the specific cause of the claimed injury and claimed resulting damages."

The trial court found plaintiff's petition "fails to state a cause of action against the defendant" and sustained defendant's motion to dismiss. The court's findings include: "Plaintiff's petition alleges little more than a course of treatment undertaken by defendant, that plaintiff suffered pain, that he has since suffered disability, and seems to allege that the pain and disability were negligently caused by defendant. There is no allegation of facts establishing a duty and the breach thereof by the defendant."

■ I. It is now well established that where a doubtful pleading is directly attacked by motion before issue or in the answer as permitted by rule 72, Rules of Civil Procedure, it will be resolved against the pleader. This rule is qualified, however, by the additional provision that if the petition does allege ultimate facts upon which plaintiff might recover and states a claim under which evidence may be introduced in support thereof, the petition should be construed in the light most favorable to the plaintiff with doubts resolved in his favor and the allegations accepted as true. Hagenson v. United Telephone Company, Iowa, 164 N.W.2d 853, 855; Appling v. Stuck, Iowa, 164 N.W.2d 810, 812; Anthes v. Anthes, 255 Iowa 497, 503, 122 N.W.2d 255, 258.

■ II. A motion to dismiss is limited to failure to state any claim on which *any* relief can be granted. Rule 104(b), R.C.P.; Newton v. City of Grundy Center, 246 Iowa 916, 920, 70 N.W.2d 162, 164, and citations.

■ If in view of what is alleged, it reasonably can be conceived plaintiff can upon the trial make a case which would entitle him to some relief, the petition should not be dismissed. Lagerpusch v. Lindley, 253 Iowa 1033, 1037, 115 N.W.2d 207, 209; Newton v. City of Grundy Center, supra.

Defendant argues the petition only alleges negligence as a conclusion which is not admitted when his motion to dismiss is considered. As we understand plaintiff's position it is that his pleadings sufficiently allege ultimate facts and therefore state a cause of action. Plaintiff makes no contention he relies on the doctrine of res ipsa loquitur. The question may be pinpointed to a determination of whether pleading the doctor negligently performed manipulations or negligently placed plaintiff in sudden extension and arching were pleadings of conclusions or ultimate facts. Counsel has not cited nor has our research revealed a case in which we have squarely decided the question.

In Anthes v. Anthes, supra, a farm accident case, plaintiff pleaded the fact of being asked by defendant to help fill a wire corn crib but did not specifically plead he was an employee or an invitee

of his brother, the defendant. Regarding defendant's motion to dismiss plaintiff's petition on the grounds plaintiff had failed to allege duty and breach we say at page 504, 255 Iowa, page 259, 122 N.W.2d: "38 Am.Jur., Negligence, section 259, says that it is not necessary for a plaintiff to aver specifically that the defendant owed a duty to the plaintiff or to allege in terms that it was the duty of defendant to do or not to do a particular thing when facts are alleged from which that duty appears, or from which the law will imply a duty. It is further said that an allegation that defendant carelessly and negligently did a certain act is equivalent, legally, to a statement that the defendant owed to the plaintiff a duty to exercise reasonable care. Windram Manufacturing Co. v. Boston Blacking Co., 239 Mass. 123, 124, 131 N.E. 454, 17 A.L.R. 669, 670, is cited. The cited case has this statement:

" 'The allegation that the defendant "carelessly and negligently" manufactured and mixed the cement is equivalent legally to a statement that the defendant owed to the plaintiff a duty to exercise reasonable care in making the cement, and failed to perform that duty.' "

■ Plaintiff's petition sufficiently alleges the relationship of doctor and patient and that he was injured while being treated. The duty owed by a doctor to his patient must necessarily be implied therefrom. Allegation of a specific duty was not necessary to state a cause of action.

III. The above quotation from the Massachusetts case indicates the general rule that a pleading which alleges a defendant negligently performed a certain act is sufficient to defeat a motion to dismiss. The majority rule is thus stated in 38 Am.Jur., Negligence, section 261, page 953: "More precisely stated, the rule best supported by authority and most consonant with reason is that it is sufficient, in an action for damages for alleged negligence, to aver that the defendant negligently performed, or negligently omitted to perform, some act the performance or nonperformance of which caused the injury complained of. The pleading need not state all the various acts and omissions which constitute the negligence or from which the negligence may be deduced, provided it contains sufficient allegations of material facts substantially (but not necessarily completely) to inform the defendant of the nature and character of the demand against him, so that he may know how to prepare his defense, and states such facts as will enable the court to say whether, if they are proved, a good cause of action is established. If the pleadings contain facts which show the relations between the parties out of which the duty arises as to the breach of which complaint is made, then it is sufficient to allege generally that it was performed negligently and carelessly."

In Kornberg v. Getz Exterminators, Inc., Mo., 341 S.W.2d 819, 821, the court quotes this from Zichler v. St. Louis Public Service Co., 332 Mo. 902, 59 S.W.2d 654, 658; "If the petition specifies the act, the doing of which caused the injury, and avers generally that such act was negligently done, the petition is sufficient."

In a malpractice case the Missouri court in Hasemeier v. Smith, Mo., 361 S.W.2d 697, reviewed its earlier cases including Kornberg v. Getz Exterminators, Inc., supra, and held pleading a duty was negligently performed "is an ultimate fact which may be pleaded as such, and not a conclusion". The court there quoted this from 38 Am.Jur., Negligence, section 262, page 954: "Where, from the nature of the case, the plaintiff in an action for damages for negligence could not be expected to know the exact cause of the precise negligent act which became the cause of an injury, and the facts were peculiarly within the knowledge of the defendant, the plaintiff is not required to allege the particular cause; it is sufficient to allege the facts in a general way, which will give

the defendant notice of the character of proof that would be offered to support the plaintiff's case."

In Oliver v. Coffman, 112 Ind.App. 507, 45 N.E.2d 351, 354, the court says: "An averment that a thing was negligently, or carelessly, or recklessly, or wilfully, or wantonly, or intentionally done is considered an averment of an ultimate fact. (citations)."

In Miller v. Pacific Constructors, 68 Cal.App.2d 529, 157 P.2d 57, plaintiff, an inspector for Bureau of Reclamation, alleged he received personal injuries when he sought to enter a gallery through a negligently secured bulkhead which gave way, causing him to fall. In holding the petition was sufficient against defendant's demurrer the court at page 62 of 157 P.2d said: "Negligence may be alleged in general terms. It is sufficient if the complaint discloses a duty on the part of the defendant to reasonably protect the plaintiff against the danger and injury complained of, his failure to do so and that the injuries were sustained as a result of that omission. * * * That rule is particularly applicable with respect to facts peculiarly within the knowledge of the defendant."

In the case at bar plaintiff sufficiently pleads ultimate facts such as to require denial of defendant's motion to dismiss. In addition to the above cited authorities our conclusion finds support in State ex rel. Becker v. Koerner, Mo.App., 181 S.W. 2d 1004; Robinson v. Meding, 2 Storey 578, 52 Del. 578, 163 A.2d 272, 82 A.L.R.2d 1176; Maybach v. Falstaff Brewing Corp., 359 Mo. 446, 222 S.W.2d 87; Lindley v. Sink, 218 Ind. 1, 30 N.E.2d 456, 2 A.L.R.2d 772. See also 41 Am.Jur., Pleading, sections 17 and 24.

The trial court erred in sustaining defendant's motion to dismiss plaintiff's petition. The case is remanded to the trial court for further proceedings.

Reversed and remanded.

All Justices concur.