Glen SPEARS, Appellant,

v.

CAPITAL REGION MEDICAL
CENTER, INC., Respondent.

No. WD 59842.

Missouri Court of Appeals,
Western District.

Feb. 26, 2002.

Motion for Transfer to Supreme Court
Denied
April 2, 2002.

Application for Transfer Sustained
May 28, 2002.

Case Retransferred Oct. 22, 2002.

Court of Appeals Opinion Readopted
Oct. 31, 2002.

John D. Beger, Rolla, for appellant.

Edward C. Clausen, Jason L. Call, Jefferson City, for respondent.

Before SMART, P.J., LOWENSTEIN and ELLIS, J.J.

HAROLD L. LOWENSTEIN, Judge.

This appeal involves a claim for medical malpractice based on *res ipsa loquitur*. The trial court granted summary judgment in favor of the respondent, Capital Region Medical Center. The appellant, Glen Spears, argues on appeal: 1) that Missouri should adopt the majority rule of allowing expert testimony in cases involving *res ipsa loquitur*, and 2) that prohibiting expert testimony vis-à-vis *res ipsa loquitur* violates the "open courts" provision of the Missouri Constitution.

### Factual and Procedural History

On August 11, 1997, Spears went to Capital Region's emergency room for treatment, complaining of discomfort and displaying symptoms consistent with cardiac distress. Capital Region performed tests and concluded that Spears required cardiac bypass surgery. The bypass surgery was performed under general anesthesia at Capital Region, and Spears was hospitalized for approximately one week, August 11–18, 1997.

In his petition, Spears alleged that he contracted Hepatitis C from his hospitalization at Capital Region. Hepatitis C is a blood-born pathogen, predominately transmitted by blood products or intravenous needles, though it can be transferred by sexual contact, intranasal cocaine use, contaminated medical equipment, or other means. The incubation period of the pathogen, measured by Spears' liver enzymes, indicates that Spears likely contracted Hepatitis C while at Capital Region. Capital Region stresses that it is only a likelihood that Spears contracted Hepatitis C during his stay there (and that Spears could have contracted Hepatitis C as early as June 1997) and argues that even if he did contract the pathogen while there, Capital Region did not necessarily breach its duty of care.

The dispositive issue here is that Spears is unable to identify the person or persons who infected him or explain the manner by which he was infected. More importantly, Spears *therefore requires expert testimony to establish that he was infected with Hepatitis C while a patient at Capital Region.*

### Standard of Review

Review of a grant of summary judgment is essentially *de novo. ITT Commercial Fin. Corp. v. Mid-Am. Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The trial court's decision will be affirmed if "there are no genuine issues of material fact and ... the movant is entitled to judgment as a matter of law." *Id.* at 377. However, this court reviews the trial court's determination independently, without deference to that court's conclusions. *Id.* at 376.

### Analysis

#### I.

In his first point, Spears argues that the trial court erred in entering summary judgment in favor of Capital Region because Spears presented evidence supporting a claim for medical malpractice by way of the *res ipsa loquitur* doctrine and

that this court should adopt the majority rule and allow him to present expert testimony in support of his *res ipsa loquitur* case.

■ *Zumwalt v. Koreckij*, 24 S.W.3d 166 (Mo.App.2000), succinctly lays out the elements of a medical malpractice action and its relationship to the evidentiary rule of *res ipsa loquitur*. In a standard medical malpractice action, the plaintiff is required to establish: 1) an act or omission by the defendant that was not in keeping with the degree of skill and learning ordinarily used under the same or similar circumstances by members of the defendant's profession, and 2) that such negligence or omission caused the plaintiff's injury. *Id.* at 168 (quoting *Washington by Washington v. Barnes Hosp.*, 897 S.W.2d 611, 615 (Mo. banc 1995).) Where applicable, however, a plaintiff can invoke the doctrine of *res ipsa loquitur* and avoid the need for direct proof of negligence and thereby directly proceed to a jury trial. *Id.* "The doctrine serves to aid an injured party who does not know and cannot plead the specific cause of the injury." *Graham v. Thompson*, 854 S.W.2d 797, 799 (Mo.App. 1993).

■ A plaintiff can make a submissible case under *res ipsa loquitur* by demonstrating: 1) the occurrence resulting in injury does not ordinarily happen in the absence of negligence; 2) the instrumentalities that caused the injury are under the care and management of the defendant; and 3) the defendant possesses either superior knowledge of or means of obtaining information about the cause of the occurrence. *Zumwalt*, 24 S.W.3d at 168.

■ Put another way, *res ipsa loquitur* is:

a rule of evidence whereby a submissible issue of negligence may be made by adducing a particular kind of circumstantial evidence, viz., by showing the fact of an occurrence which, because of its character and circumstances, permits a jury to draw a rebuttable inference, based on the common knowledge or experience of laymen, that the causes of the occurrence in question do not ordinarily exist in the absence of negligence on the part of the one in control.

*Hasemeier v. Smith*, 361 S.W.2d 697, 700 (Mo. banc 1962)(emphasis added).

*Hasemeier* is Missouri's seminal case on *res ipsa loquitur* in medical negligence cases. In *Hasemeier*, the plaintiff filed a claim for relief under the *res ipsa loquitur* doctrine after his deceased wife died during childbirth. *Id.* at 699. The plaintiff alleged in part that the fatality rate of mothers in childbirth is so low as not to be the subject of statistics; that the death of the plaintiff's wife was proximately caused by the negligence and carelessness of the defendant doctor; and that plaintiff did not know the exact nature of the carelessness and negligence because he was not present at the time of treatment. *Id.*

■ The Supreme Court disallowed the plaintiff from using the *res ipsa loquitur* doctrine because his case did not involve either a fact pattern: 1) where a patient received treatment for one problem and incurred an unusual injury,[1] or 2) where a

---

1. By way of illustration, incidents under this principle include: *Zumwalt*, 24 S.W.3d 166 (during knee replacement surgery, plaintiff sustained injury to her right hand, arm and shoulder); *Graham*, 854 S.W.2d 797 (plaintiff sustained injuries to the back of her right calf following surgery on the top of her right foot); *Goodenough v. Deaconess Hosp.*, 637 S.W.2d 123 (Mo.App.1982)(a patient suffered a neck injury from being improperly positioned on a table for a proctoscope examination); *Swan v. Tygett*, 669 S.W.2d 590 (Mo.App.1984)(patient

surgeon left a foreign object in an operative cavity. *Id.* at 700. The result is that in Missouri, a plaintiff cannot use expert testimony to establish a *res ipsa loquitur* case in a medical malpractice action. Instead, as noted *supra,* laypersons must know, based on their common knowledge or experience, that the cause of the plaintiff's injury does not ordinarily exist but for negligence of the one in control. *Id.*

With those principles in mind, Spears alleged that acquiring Hepatitis C does not ordinarily occur when due care is exercised by the party in control, that the instrumentalities involved are under the care and management of Capital Region, and that Capital Region possesses either superior knowledge or means of obtaining information about the cause of the occurrence. However, as noted *supra,* Spears conceded that he cannot establish a *res ipsa loquitur* case without expert testimony. Therefore, this court must affirm the summary judgment. To do otherwise would be in violation of this court's constitutional obligation to follow precedent set forth by the most recent Supreme Court of Missouri decision. *Kansas Ass'n of Private Investigators v. Mulvihill,* 35 S.W.3d 425, 432 (Mo.App.2000).

Spears conceded at oral argument his awareness that his appeal in this court would be unsuccessful; his intention is to persuade the Supreme Court of Missouri to revisit its 1962 position in *Hasemeier* on the doctrine of *res ipsa loquitur,* given that the prohibition on expert testimony vis-à-vis *res ipsa loquitur* is now the minority rule and is discouraged by the drafters of the Restatement 2d of Torts. RESTATEMENT (SECOND) OF TORTS § 328D cmt. A (1963–64). Indeed, the issue is hotly debated in academic journals and

judicial decisions. *See Seavers v. Methodist Med. Center of Oak Ridge,* 9 S.W.3d 86 (Tenn.1999)(over dissent, Tennessee Supreme Court explored precedent pro and contra expert testimony to establish negligence *res ipsa loquitur,* and adopted majority rule of allowing expert testimony in medical malpractice cases to support *res ipsa loquitur* theory); *Connors v. University Assocs. In Obstetrics and Gynecology, Inc.,* 4 F.3d 123 (2d Cir.1993)(after exploring split among the states, Second Circuit held that under Vermont law, plaintiffs were entitled to use expert testimony to support theory under *res ipsa loquitur* theory); Karyn K. Ablin, *Res Ipsa Loquitur and Expert Opinion Evidence in Medical Malpractice Cases: Strange Bedfellows,* 82 VA. L.REV. 325 (1996)(details history of *res ipsa loquitur,* explores the split among the states, articulates problems of expert testimony in cases involving *res ipsa loquitur;* suggests model for court treatment of *res ipsa loquitur* under four types of evidentiary standards).

By way of observation, but without advocating a departure from Missouri's common law, it appears the majority view of allowing expert evidence in *res ipsa* cases involving medical treatment seems most equitable. The Court is urged to revisit this area.

Point one is denied.

## II.

In his second point, Spears argues that the trial court erred in granting summary judgment because disallowing him a remedy violates the "open courts" provision of the Missouri Constitution, Article I, Sec-

---

suffered a burn to her chest while undergoing surgery within her vaginal cavity); Calvin v. Jewish Hosp. of St. Louis, 746 S.W.2d 602

(Mo.App.1988)(patient suffered injury to her arm while undergoing back surgery).

tion 14.[2]

 Spears conceded at oral argument that he did not raise this argument at the trial level. Not only must litigants raise an issue to the trial court in order to preserve appellate review, but also, in the context of constitutional issues, the preservation requirements are more stringent:

> 1) raise the constitutional question at the first available opportunity; 2) designate specifically the constitutional provision claimed to have been violated, such as by explicit reference to the article and section or by quotation of the provision itself; 3) state the facts showing the violation; and 4) preserve the constitutional question throughout for appellate review.

*Callier v. Dir. of Revenue,* 780 S.W.2d 639, 641 (Mo. banc 1989). Because Spears never raised this question to the trial court, let alone at the first available opportunity, he has not preserved the issue for appellate review.

Point two is denied.

Summary judgment is affirmed.

All concur.

---

**2.** The provision states: "That the courts of justice shall be open to every person, and certain remedy afforded for every injury to person, property or character, and that right and justice shall be administered without sale, denial or delay."